## ARTHUR & CORPREW v. BROADNAX.

1. A married woman, whose husband has abjured the State, and who since that event has traded as a *feme sole*, and taken notes in her own name, may sue for and recover the amount.
2. The filing of a plea is an admission that a declaration was filed, although it may not appear in the record.

Error to the County Court of Chambers.

THIS action was commenced before a justice of the peace, by the defendant in error, and judgment having been rendered in her favor, was carried by the plaintiffs in error to the County Court of Chambers, where the plaintiffs in error pleaded that the plaintiff below was a *feme covert*, to which she replied that her husband had abjured the realm before the note on which the action is founded, was given, and has ever since re-

mained abroad. Issue being joined thereon, and the cause submitted to a jury, the Court charged them, that if they believed the reputed husband of the plaintiff had abjured the realm before the note was given, and has ever since remained abroad, and that plaintiff has ever since traded as a *feme sole*, and that the note sued on was given to her as such, the defendants cannot take advantage of the fact of coverture, they having by their own act recognized her as a *feme sole*, and if they could do so, reputation of their once having lived together as man and wife, is not sufficient to establish the fact of marriage, without the production of the record. To which charge the defendants excepted. The jury found a verdict, and the Court rendered judgment for the plaintiff, from which the defendants prosecute this writ of error. The assignments of error are,

1. The want of a declaration or statement.

2. The submission of the cause to the jury, without pleading, the demand being above twenty dollars.

3. In charging the jury as set forth in the bill of exceptions.

PECK & CLARKE, for plaintiff in error.

ORMOND, J.—In the case of Wheeler v. Bullard, 6th Porter, 352, we held, that by pleading to the action, the defendant admitted that a declaration was filed. This has been repeatedly held since that decision was made, and disposes of the first and second assignments of error; as it appears from the record, that the defendant appeared and pleaded to the action.

The answer to the plea of coverture made by the plaintiff, is that her husband had abjured the State before the note was given. The Court in its charge to the jury, inform them, that if they find such to be the fact, and that the husband still remains abroad; that the plaintiff has always since, traded as a *feme sole*, and that the note sued on was given to her as such, they must find for the plaintiff.

This was a correct exposition of the law. See 1 Bacon, Ab. 504. In De Guillon v. L'Aigle, 2 Bos. & Pul. 357, it was held, that where the husband resided abroad, and the wife traded and obtained credit, as a *feme sole*, she was liable for her own debts. The same decision was made in the case of Gregory

v. Paul's ex'r. 15 Mass. 31. See also, Marsh v. Hutchinson, 1 Bos. & P. 226.

No question is raised upon the record, as to what facts are necessary to constitute abjuration from the State, and we must therefore presume that it was proved to the satisfaction of the Court and jury.

The Court also charged the jury, that the fact of marriage could not be proved but by the production of the record, and would not be established by proof of the parties having lived together as man and wife. This is certainly not the law. The general, perhaps the universal rule is, that the fact of marriage may be proved by general reputation and cohabitation, except in an action for criminal conversation, or on a trial for bigamy, and even in these cases, the fact might be proved by a witness who was present at the marriage.

But this portion of the charge, though erroneous, was wholly abstract, and could not, by possibility, prejudice the plaintiffs in error. The fact of the marriage was distinctly admitted by the pleadings, and not only was it unnecessary for the plaintiffs in error to prove the marriage, but the defendant in error was precluded by her admission in the replication to the plea from disproving it. As, therefore, this charge, though wrong, could neither injure the plaintiffs in error, nor benefit the defendant; it will, according to the established rule of this Court be disregarded.

Let the judgment of the Court below be affirmed.