## JAMES v. STEWART & RAINEY.

1. Where a married woman sues alone, in a case where she might join in the action with her husband, the objection can only be taken by plea in abatement; if she has no legal right whatever, she may be non-suited.
2. *Quere?* Does not a husband abjure the realm, so as to confer on his wife the rights of a *feme sole*, when he departs from the State, with the intention of permanently abandoning her.

Error to the Circuit Court of Limestone.

TRESPASS *quare clausum fregit*, by the plaintiff, against the defendant in error.

The defendant pleaded not guilty, *liberum tenementum*, and justification.

From a bill of exceptions, it appears, that the defendant offered to show that the plaintiff was a *feme covert*, which was objected to under the pleadings, but admitted by the court, and the plaintiff excepted. Evidence was then offered, that the plaintiff was the wife of Ambrose James, but that in

the spring of 1843 a separation took place between them, and that in the fall of the same year, a short time previous to the trespass complained of, the husband left the State, and has been heard of but once since, and was then in the State of Missouri. The plaintiff then proposed to show, that he had left the State, with the avowed intention of never returning, or living with her again, and that he had abjured the State, which evidence the court declared immaterial, and on motion of the defendant non-suited the plaintiff; to all which the plaintiff excepted, and now assigns as error.

Jones, for plaintiff in error. Whenever a *feme covert may* or should be joined with her husband, the coverture must be pleaded in abatement, and not in bar. [1 Chit Pl. 387.] For all *torts* done to the wife, and all contracts with her, she should be joined with her husband. [10 Johns. 49; 6 Term 265; 1 Strange, 230; 1 Coke Lit. 350, a N. 1; Cro. Eliz. 61; Cro. Jas. 644; 1 Chit. P. 20, 37; 1 M. & S. 180; 2 Id. 393; 7 Ala. 525.]

When a married woman is abandoned by her husband, and he has abjured the State, she may sue, and be sued alone, as a *feme sole.* [1 Peters, 108; 1 Vernon, 104; 1 Aikin, 174; 2 Esp. 554; 4 Ib. 27; 1 Hill S. C. 8; 2 Kent's Com. 154; 4 McC. 148; 1 B. & P. 359.]

W. Cooper, contra.

ORMOND, J.—It is laid down by Mr. Chitty in his Pleadings, 1 vol. 23, that where a married woman sues alone,, but might be joined in the action with her husband, the objection can only be taken by plea in abatement; but that when a *feme covert* improperly sues alone, having no legal right of action whatever, she will be non-suited. This doctrine is fully sustained by the cases of Milner v. Milnes, 3 Term, 627, and Caudell v. Shaw, 4 Id. 361. According to these authorities, the court erred in non-suiting the plaintiff. It does not to be sure appear, what was the nature of her interest in the lands, for a trespass upon which the suit was brought, but the necessary inference from the record is, that she had a legal interest in the premises, as otherwise there would have

been no necessity for resorting to this objection, the fact of her coverture, as it appears, having been brought out by the defendants, after she had made out a *prima facie* case. To justify the non-suit, it should have appeared upon the record, that she had no legal right of action wharever.

The question, of what will constitute abjuration from the State, was somewhat considered in Arthur & Corprew v. Broadnax, 3 Ala. 557, but it was not necessary to be decided, as the point did not necessarily arise upon the record. There can be no doubt, that where the husband has abjured the realm, the wife may sue, or be sued, as a *feme sole*. What will constitute such abjuration, is a matter of great consequence in a government like ours, consisting of separate, independent States, united under one Federal head. It could not be tolerated that the mere departure of the husband beyond the line of the State, (frequently an imaginary one,) should confer on the wife the right of a *feme sole*, or expose her to its disabilities. So on the other hand, it would seem, that in our wide spread empire, the husband might, by departure from the State, as effectually abjure the realm, for all the purposes of this question, as if he had gone into voluntary exile, in a foreign country. Perhaps the true solution of the question, will be a matter of fact for the jury under all the circumstances of the case, depending not on the fact whether the husband has merely crossed the line of the State, or gone in quest of adventure, to the wilds of Oregon, but upon the intention of permanent abandonment of the wife, accompanied by departure from the State, with the design of not again returning. But as it is not absolutely necessary that the point should be decided, in this case, at the present time, we prefer to leave it on this footing.

Let the judgment be reversed, and the cause remanded.