## JORDAN vs. GRAY.

1. When two declarations are set out in the record, and the clerk certifies that the last one was filed after the adjournment of the court at which a judgment on demurrer was rendered in favor of the defendant, the appellate court can only look to the first declaration as properly a part of the record.

2 A *feme covert* cannot sue at law by her next friend.

3. When the declaration discloses that a *sole* plaintiff is a *feme covert,* a demurrer will lie to it.

ERROR to the Circuit Court of Tallapoosa. Tried before the Hon. John J. Woodward.

DETINUE for a slave by Sealy Jordan, wife of Elijah Jordan, who sues by her next friend, Charles Jordan, against Gray. A demurrer to the declaration was sustained by the court below. Two declarations are set out in the record, to the second of which the following certificate of the clerk is prefixed: "After the adjournment of the court plaintiff proposed to file the following as the amended declaration under the leave given to amend, and to which the second demurrer was sustained, it then being considered by the court filed though not actually done, but defendant objecting because it was not filed within the term, plaintiff was not allowed by the clerk to file the same as a part of the record in the case, but at his instance it is sent up with the record and certified with the above facts." The record does not otherwise show that leave was given to amend after the judgment on demurrer, and but one demurrer and judgment thereon are set out.

FALKNER and J. E. BELSER, for plaintiff in error, cited 1 Chitty's Pleadings, 387; 9 Ala. 855.

BARNES & ALLISON, *contra,* cited 1 Black. Com. 347-8; 2 Kent's Com. 154-5; Clancy on Hus. & Wife, 54; 1 Chitty's Pl. 28; Dan. Ch. Pr. 189; Story's Eq. Pl. 61-2; 14 Ala. 740.

COLEMAN, J.—Two declarations appear to have been copied in the record filed in this case. The clerk certifies that the last declaration was filed after the judgment on the demurrer in fa-

vor of the defendant, and after the adjournment of the court, consequently this court can only notice the first as properly a part of the record.

The declaration commences in these words, "Sealy Jordan, wife of Elijah Jordan, who sues by her next friend, Charles Jordan, plaintiff," &c., and then proceeds with the usual count in detinue for a negro man slave, and does not aver any legal title to, or separate property in the slave, to be in the wife.

It is agreed by all the elementary writers on the subject, that a *feme covert* cannot in any case sue alone, unless her husband be *civiliter mortuus*, &c. But if she improperly sue alone, having no legal right of action, she will be non-suited.—1 Chitty, 23; 9 Ala. 855. We think it only becomes necessary to plead the coverture in abatement, when it does not appear in the pleadings in the case, but when the fact is fully disclosed by the declaration, as in this case, the objection is good on demurrer. Again, if a non-suit will be ordered, when it is disclosed by the testimony that a plaintiff is a *feme covert* and has no legal right of action, then we think a demurrer should be sustained to a declaration disclosing the same facts.

There is no law authorizing a married woman to sue by her next friend at common law, and we think the declaration defective in that particular. Let the judgment below be affirmed.