## KREBS vs. O'GRADY.

1. When the husband has abjured the State, and his wife has acted as a *feme sole*, she will be so regarded ; but to constitute an abjuration by him, there must be an abandonment of the wife and a removal from the State without the intention of returning.

2. The wife may, however, act as her husband's agent during his absence from the State, and as such, with his assent express or implied, may transfer a note which she has taken payable to herself.

3. The husband having gone to California, his wife continued to carry on his business, (a bakery,) and sold a part of the furniture and fixtures, taking notes payable to herself, which she afterwards transferred : *Held*, that these circumstances did not amount to presumptive evidence of her authority to transfer the notes, but the jury must decide whether they were sufficient to establish it.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. LYMAN GIBBONS.

Krebs v. O'Grady.

THE plaintiff in error sued out an attachment against John McGinnis, and summoned John C. Morton as garnishee. Morton answered, denying any indebtedness to the defendant in attachment, and stating that he had executed three promissory notes to the wife of the defendant, which had been transferred to O'Grady, the defendant in error. O'Grady was thereupon summoned as transferree, and an issue was made up between him and the plaintiff in attachment to try the right of said notes.

On the trial it was proved, that the notes in question were given by the garnishee for the fixtures, counters, pans, &c., of a bakery belonging to a bake shop, which had been occupied as such by the defendant in attachment, who had removed to California some four months before the notes were given; that the property for which the notes were given was in the bake shop when occupied by such defendant in attachment, and that at the time the purchase was made, and for a long time thereafter, the wife carried on the same business at that place, dealt and traded on her own account, and in her own name; that the notes in question were payable to her, and endorsed by her to the defendant in error before the summons of garnishment was served, in payment of a debt which she had contracted with him while trading on her own account, for supplies necessary to carry on the business ; that the defendant in attachment had never returned from California, and there was no evidence offered to show that he had, during his absence, assisted his wife in any way.

The court charged the jury, that, although a promise to the wife during coverture was in law a promise to the husband, yet this rule was subject to modifications; that in case of abandonment by the husband, when the wife is acting as *feme sole*, she may take a note payable to herself, and endorse it in her own name and pass a title, where there was no proof that the husband dissented from it ; so, where the husband and wife were living separately, and she was trading and doing business in her own name, with the effects of the husband, or her own effects, her contracts would be valid and binding if the husband assented, and his assent would be presumed, unless he expressed his dissent ; that as to the effects of the husband, the law in such a case would make the wife his agent, and she would be presumed to act within the scope of her powers until he dissented ; that

if the jury believed the defendant in attachment had abandoned his wife without any intention of returning, or, if he went to California without such abandonment, or with the intention of returning to her, or sending for her, and that she carried on bus-iness in her own name uniformly, and that she so dealt with the garnishee when she took the notes from him—when she endorsed them to the defendant in error, and when she contracted the debt to pay which the notes were endorsed to him, and if such debt was a *bona fide* debt, and the transaction was without fraud, then the title to O'Grady was good, and would override the title of the plaintiff in attachment, as it was prior in point of time.

The charges thus given were excepted to, and are here as-signed for error.

C. W. RAPIER, for plaintiff in error :

The notes, being made payable to a married woman, became instantly the property of her husband, and her endorsement would transfer no property in them.—Barlow v. Bishop, 1 East 432; Savage v. King, 17 Maine 301; Commonwealth, v. Man-ley, 12 Pick. 176; Miller v. Delamater, 12 Wend. 435; Story on Promissory Notes, 129 § 124; Vance v. Wells & Co., 6 Ala. 737.

More especially did the property in the notes vest in the hus-band, since the consideration for them was the property of the husband.—Commonwealth v. Manley, 12 Pick. 176; Keith v. Woombell, 8 Pick. 211.

This case is very different from that of Roland v. Logan, 18 Ala. 307. In that case the wife had been abandoned by her husband and left to her own shifts. She had removed with her children from Georgia to Alabama, where she had conducted business on her own account for three years prior to the endorse-ment of the note in question, and near ten years before the in-stitution of the suit. Her husband had never come to Ala-bama, and had asserted no claim to her earnings. In the case at bar, the record furnishes no indication of an abandonment by the husband of his wife. In Roland's case, the wife contracted in reference to means and property acquired by her own indus-try. In this case, the wife contracted in reference to the prop-erty of her husband.

The decision in Roland's case turns upon the presumption of the husband's assent to the wife's transaction, and that presumption is founded upon the fact of abandonment. So, the reason of that case can apply with no force to this.

If the circumstances in this case would have warranted the inference of the husband's assent to the wife's transaction, that inference should have been left for the jury, and not have been drawn by the court.—Roland v. Logan, 18 Ala. 307 ; Barlow v. Bishop, 1 East 432.

The court below charged the jury that the wife's agency under the circumstances would be presumed, and that her acts as such would be valid, unless the husband dissented. The rule is, that the wife, whether the husband is abroad or at home, is not presumed to be his agent generally, or to be entrusted with any other authority as to his affairs, than that which it is usual and customary to confer upon the wife.—Benjamin v. Benjamin, 15 Conn. 347.

The instructions of the court below to the jury were argumentative, indirect and uncertain, and were of a character to mislead the jury.—Cothran v. Moore, 1 Ala. 423 ; Kenan v. Holloway, 16 ib. 53.

The charge given to the jury last set forth in the bill of exceptions, assumes facts which it is the province of the jury to ascertain, and virtually directs a verdict for the claimant upon the facts so assumed.—9 Ala. 937 ; 14 ib. 460 ; 16 ib. 398.

PERCY WALKER and GEO. N. STEWART, contra :

1. The charges of the court below, as to the validity of the assignment of the notes, correctly state the law, and are in conformity with the decisions of this court in the case of Roland v. Logan, 18 Ala. 307, and authorities there cited. The ancient rule imposing disabilities on *femes covert*, has been greatly relaxed, and many exceptions to the rule have been allowed.— The case at bar is within the exceptions.

2. Where a husband leaves his wife in the possession of property, she is, during his absence, necessarily his agent, and the husband is bound by her acts.—10 Wend. 79 ; 16 Verm. 653 ; 1 Peters 108. A husband may abjure the realm, so as to confer on his wife the character of a *feme sole*, and whether he left his wife with the intention of not returning is a question for the

jury.—9 Ala. 857 ; 3 *ib.* 557 ; 4 McCord 148. A wife may sell, and convey personal property as the agent of the husband; and whether she was so authorized is for the jury to decide from the facts and circumstances.—3 Strobh. 315 ; 8 Black. 240.— Any evidence tending to prove such agency is admissible,—11 Verm. 628. The authority of the husband will be presumed.— 4 Dev. & Batt. 180 ; 12 Wend. 433 ; 18 Ala. 307.

The cases cited by plaintiff in error will be found, upon examination, not to affect the one at bar. That of Barlow v. Bishop, 1 East 432, cannot be considered as authority, inasmuch as the English courts have since decided differently.— 7 Bing. 565 ; 1 Campbell 485. In the case in 12 Pick. 173, there was no express assent of the husband, nor was there evidence from which such assent could be implied. No analogy exists between the case at bar and that of Savage v. King, 17 Me. 301. There was nothing in the circumstances of that case to take it out of the operation of the general rule, that a note made payable to the wife is a note to the husband and becomes, *eo instanti,* his property. There is as little analogy in the case of Benjamin v. Benjamin, 15 Conn. 347. There there was direct proof not only that the husband left home for a merely temporary purpose, but that he made ample provisions for the support of his family, and that she was not only not his general agent, but that she was not in any manner to act for him. There was no room for presumption of agency. It is not denied in that case, that the "wife may act as agent of her husband," or that her agency may be presumed; see page 357. In the case of Rotch v. Miles, 2 Conn. 638, which in some respects is similar to the case at bar, the court held, that if a man leave his wife, without making provision for her support, and did not return, and she continued in the business in which she was left, the husband will be liable for her contracts, and the law will presume his assent to her acts. See opinion of Chief Justice Swift.— This case was cited and approved in Benjamin v. Benjamin, 15 Conn. 347. The case from 7 Wend. 68, was essentially different from the one at bar, and the subsequent case of Miller v. Delamater, 12 Wend. 433, is an authority in favor of the defendant in error. In that case the Supreme Court of New York review the case of Barlow v. Bishop, 1 East, and dissent to the judgment there given. The case cited from 3 Humph.

Krebs v. O'Grady.

80, is merely an affirmance of the general rule, and has no correspondence to the case at bar.

The charge of the court below to the jury, "that if they believed the facts deposed to by the witnesses, and that there was no fraud in the transaction between O'Grady and Mrs. McGinnis, the claimant, O'Grady, was entitled to a verdict," was not erroneous. The testimony was clear and without conflict, and it was only necessary to draw a legal conclusion from it ; thus bringing it within the ruling of the court in Abney, adm'r, v. Pickett, 21 Ala. 739, and Hopkins v. Scott, 20 ib. 179.

GOLDTHWAITE, J.—That a note payable to the wife is, in legal effect, a note payable to the husband, and as a necessary consequence can be transferred by his act alone, is, as a general proposition, well settled. There are, however, exceptions to this rule, and cases may exist in which the wife is authorized to take notes as if a single woman; and in such case, it follows that the title would pass by her endorsement. According to the later English decisions, this can only happen when the husband is civilly dead, or his absence is involuntary, as when he is an alien enemy.—8 Term 547 ; 2 B. & P. 226 ; Begget v. Frier, 11 East 301 ; Barden v. Keverberg, 2 Mees. & W. 61 ; 2 Roper H. & W. 121. In this court we have held, that where the husband has abjured the State, and the wife has acted as a *feme sole*, she will be so regarded.—Arthur v. Broadnax, 3 Ala. 557 ; James v. Stewart, 9 Ala. 355. The question, however, as to what constitutes an abjuration of the State, so as to take the wife out of the disabilities of coverture, has not been settled with precision. We all, however, agree that there can be no abjuration in this sense, without an abandonment of the wife, and a removal from the State without an intention of returning.—Mead v. Hughes, 15 Ala. 140.

The wife may, however, act as the agent of her husband ; and a note payable to her, although in legal effect it is payable to him, may be endorsed by her in her own name ; and if done with the assent of the husband, the endorsee acquires a valid title. And this assent is not required to be expressly proved, but may be inferred from circumstances. Such was the decision of this court in Roland v. Logan, 18 Ala. 307, and under the influence of this principle, if a wife was living separate

from her husband, and doing business in her own name, with his knowledge, her contracts, within the scope of that business, would be valid and binding, unless the husband dissented. His assent would in such a case be presumed. If the character of the business was such, as naturally to include the sale or disposition of the husband's effects, the same principle would apply; but where such disposition was not within the legitimate scope of the separate business, most certainly no presumption of law could be created, and the jury would not be authorized to presume the husband's assent to the disposition, unless their minds were fairly brought to that conclusion by the facts before them in evidence.

The wife, in the absence of the husband, may have a general authority to exercise the usual and ordinary control over the property left in her possession by him, which must be controlled by some one; unless the presumption of this authority is rebutted by proof that he had constituted some other person his agent for that purpose.—Church v. Landers, 10 Wend. 79.— But the sale of the husband's effects may be outside of the usual and ordinary control of them; and whether it is so or not must depend upon the nature of the property, the length of the absence, and perhaps other circumstances. If the husband went to California, leaving the wife to carry on his plantation during his absence, it would not follow, as a presumption of law, that he had given her authority to sell and dispose of his slaves, and transfer the notes received in payment for them. So, in the present case, although the husband may have consented that his wife might carry on the business of the bakery in her separate name, that fact does not create a legal presumption that she was authorized to transfer the notes received from the sale of the fixtures, which in law were payable to her husband; and that they were transferred in payment of a debt contracted by her in the course of the separate business, can have no influence. The question is purely one of authority, so far as she is concerned; and all we decide on this branch of the case is, that the circumstances we have stated did not amount to presumptive evidence that she had authority from the husband to transfer the notes in question. It was for the jury to say whether this evidence would fairly bring their minds to this conclusion.

As a portion of the charge given by the court was in opposition to the views we have expressed, the judgment must be reversed, and the cause remanded.

GIBBONS, J., not sitting.