# CAMPBELL vs. CAMPBELL.

[INQUISITION OF LUNACY.]

1. *How wife may sue.*—Under the statute of this State, (Code, § 2750,) as under the English chancery practice, an inquisition of lunacy against the husband cannot be sued out by the wife in her own name, but must be by her next friend, who will be liable for the costs if the petition is dismissed.

APPEAL from the Probate Court of Dallas.

In the matter of the petition of Mrs. Mary Campbell, to have her husband, Peter Campbell, declared a lunatic. The defendant appeared by attorney, and demurred to the petition, assigning as one ground of demurrer, that his wife had no right to institute the proceedings against him. The

court overruled the demurrer, and its ruling is now assigned as error, with other matters which require no particular notice.

G. W. GAYLE, for appellant.

J. R. JOHN, *contra*.

R. W. WALKER, J.—The jurisdiction which, in England, the chancery court exercises over inquisitions of lunacy, is by our statutes confided to the probate court; and the proceedings in such cases, in the latter court, should be governed by the rules and principles regulating the practice in the English chancery, so far as those rules and principles can be conveniently applied by the probate court, and are not modified by, or inconsistent with our statutes. By section 2750 of the Code, the proceeding to have a person declared a lunatic may be instituted upon the petition of "any of his relations or friends." This is substantially the rule in the English chancery. But, neither the English rule, nor the provision of our Code, can with propriety be so construed as to remove the legal incapacities of persons who, according to well-established principles, are not *sui juris*, and are therefore incapable of maintaining a suit in their own names. Hence, although it is said in the books that the petition for a commission may be presented by a husband against his wife, and *vice versa*; or by a father or mother against a child, and *vice versa*; or by brothers, sisters, uncles, aunts, nephews, nieces, and cousins, against each other; (Shelford on Lunacy, 114; 2 Barb. Ch. Pr. 228;) yet it by no means follows, that the proceeding may in every case be instituted by any of the persons here named in their own names. On the contrary, it is held that, where a petition is presented by the wife of the supposed lunatic, it must be in her name, by her next friend, who will be answerable for the costs of the application, in case the court shall think proper to impose them upon the petitioner.—2 Barb. Ch. Pr. 228. The same rule would, doubtless, apply to petitions presented by infants. In like manner, while we do not doubt that the wife of the alleged lunatic comes within the description of 'persons authorized by the Code to present the petition; yet, as she

20

is not *sui juris*, and no judgment for costs can be rendered against her, her petition must be presented, not in her own name alone, but by her next friend. It is true that, according to the common law, a married woman could not sue by her next friend; (*Jordan v. Gray*, 19 Ala. 618;) but, as already mentioned, the practice in this class of cases is governed rather by the rules of English chancery in similar proceedings, than by those which prevail in courts of common law. The provision of section 2763 of the Code, that the costs of the proceeding must be paid "out of the estate of the lunatic or idiot," does not apply to cases where the petitioner fails to establish the lunacy. Unless the person proceeded against is found to be a lunatic or idiot, the words of the statute do not apply to him. In this case, the petition was presented by the wife of the alleged lunatic in her own name, and not by her next friend; and for this reason, the demurrer to it should have been sustained.

Reversed and remanded.