## Richmond.

RICHMOND RAILWAY AND ELECTRIC COMPANY v. BOWLES.

APRIL 2, 1896.

1. MARRIED WOMEN—*Damages for Personal Injuries—Separate Estate— Action by Next Friend.*—Damages for a wrong inflicted upon a married woman, since May 1, 1888, are her separate estate, and an action therefor should be brought in her name. And, although an action be instituted in her name by a next friend, she is still the real plaintiff, and the name of the next friend should be stricken out, and the action allowed to proceed to judgment in her name.

2. EVIDENCE—*Personal Injuries—Other Accidents from Same Cause.*—In an action to recover damages for personal injuries inflicted by an electric railway company, in consequence of the breaking of a trolley-wire, evidence that this trolley-wire had broken frequently recently theretofore is admissible.

3. HUSBAND AND WIFE—*Personal Services of Wife—Loss of Time and Cost of Cure in Case of Personal Injuries.*—Notwithstanding the provisions of chapter 103 of the Code, the husband is still entitled to the services of his wife, and is bound for her support; and, in an action to recover damages for personal injuries to her, loss of time is not a proper element, unless it be averred in the declaration, and shown in the proof, that she was a sole trader; nor is the cost of her cure, unless it be likewise averred and proved that she paid such costs out of her separate estate.

4. PLEADING—*Allegations and Proof.*—An averment in a count of a declaration that the plaintiff " was thrown " from a car is not supported by proof that she jumped from the car, and the jury should be instructed to disregard that count.

Error to a judgment of the Circuit Court of the city of Richmond, rendered November 21, 1893, in an action of trespass on the case, wherein Regina E. Bowles, who sues by Aubrey R. Bowles, her next friend, was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Wyndham R. Meredith*, for the plaintiff in error.

*Montague & Dawson*, for the defendant in error.

KEITH, P., delivered the opinion of the court.

This is an action of trespass on the case, brought in the Circuit Court of the city of Richmond, by Regina Elmore Bowles, who sues by Aubrey R. Bowles, her next friend, against the Richmond Railway and Electric Company, upon the following cause of action :

The defendant was a corporation owning and operating a railway line along Clay and other streets in the city of Richmond, and the plaintiff was, on the 14th day of December, 1892, a passenger on one of its cars. Soon after taking her seat and paying her fare, the trolley-wire, used in operating and propelling the car, broke and fell from its usual and customary position above the car, and came in contact with the brake-handle, which was attended with consequences so alarming in appearance, at least, and so apparently fraught with danger to the safety of the passengers, that the plaintiff, attempting to escape from a peril which seemed to be imminent, jumped or fell from the car, and received injuries, for which she sues.

In the first count she alleges that she was told by the conductor to jump while the car was running at a great speed, and that she was injured in attempting to obey his directions ; while in the second count the allegation with respect to the conductor is omitted. In both counts the specific negligence stated consists in the failure of the defendant to provide adequate and proper trolley-wires, machinery, and other appliances for its business, and to keep the same in proper

order and repair. She claims damages in each count for money expended in the treatment of the fractures, hurts, and injuries sustained, for the pains she suffered, for the sums expended upon her maintenance and support, and for loss of time, aggregating the sum of $6,000.

The case was tried before a jury, and a verdict rendered in favor of the plaintiff for the sum of $1,250, with interest from the 21st of November, 1893. The defendant moved the court to set aside the verdict and grant a new trial, which the court overruled, and the defendant excepted, and to this and other rulings of the court which took place during the trial the defendant filed four bills of exceptions. To the judgment rendered a writ of error and *supersedeas* was granted by one of the judges of this court.

The first error assigned is, that the suit was brought in the name of Mrs. Regina Elmore Bowles by Aubrey R. Bowles, her next friend, and it is contended that a married woman, over the age of twenty-one years, cannot sue in this State by her next friend. The point was presented by the plaintiff in error upon a motion to quash the writ, by demurrer to the declaration, by motion in arrest of judgment, and by a motion to set aside the verdict. The least technical and most satisfactory way in which to consider the matter, however, is upon the motion to set aside the verdict as being contrary to the evidence.

By section 2284 of the Code, which declares of what the separate estate of a married woman shall consist, it is provided that the separate estate shall include, among other things, " damages for a wrong."

By section 2288 it is provided " that, as to all matters connected with or relating to or affecting  *  *  *  her separate estate,  *  *  *  she may sue and be sued in the same manner, and there shall be the same remedies in respect thereof for and against her and her said estate, as if she were unmarried."

It was held by this court in the case of *N. & W. R. R. Co.* v. *Dougherty*, decided at the November term, 1895, *ante* p. 372, that, under the language of the section just quoted, the husband could not be joined with his wife suing to recover damages for a wrong, but that the suit must be in her own name, as if she were unmarried.

By our law infants sue by their next friend. A married woman, with respect to her separate estate, sues in her own name, if she be more than twenty-one years of age. In this case it appears that the plaintiff, Mrs. Bowles, is more than twenty-one years of age; it must be conceded, therefore, that it was irregular to bring her before the court by her next friend. It is, however, none the less her suit. It is the suit of Regina Elmore Bowles, who sues by Aubrey R. Bowles, her next friend. The suit was brought to recover damages for a wrong done to her, which constitute, when recovered, a part of her separate estate. She was in court; she testified during the trial; all the proceedings, from the writ to the judgment, show that she was the actual, beneficial, substantial party to the litigation, and that, being under no disability either of infancy or coverture, she was upon the footing of an unmarried female. Her next friend was but a shadow, and yet we are asked to declare that the intervention of that shadow shall defeat the rights of the substantial party to this suit, who was herself present in court, demanding justice at its hands and presenting for its adjudication a sufficient cause of action.

It is conceded that no case can be found which can be considered direct authority for either side of this contention. Upon the part of the plaintiff in error *Jordan* v. *Gray*, 19 Ala. 618, is cited and much relied upon. It holds that a *feme covert* cannot sue by her next friend, and that when the declaration discloses that a sole plaintiff is a *feme covert* a demurrer will lie to it. This case was decided under the common

law. It is correctly decided upon both points, and would have been direct authority prior to the innovations upon the common law introduced by our present Code. Not only could a *feme covert* not sue by her next friend, but at law she could not sue at all; she had no standing in a court of law. The question seems to be different, however, when the law is so changed as to permit her to sue as a *feme sole* in a court of law. It still remains, it is true, that a married woman over twenty-one years of age does not properly appear by her next friend; but the case cited falls short of deciding that a party who has a right to sue is to be defeated and turned out of court, though presenting a good cause of action, because the pleader has improperly introduced her to the court by her next friend. Instances might be given that would seem to put beyond question the course to be pursued by the court in such or similar cases. Suppose, through mistake of fact as to the age of a party, his suit should be brought for him by his next friend, could not the court, upon the mistake of fact, avert its consequences by directing the suit to proceed in the name of the adult? Or if, by mistake of law, a party sues by next friend who should have sued in proper person, may not the court, without any great stretch of authority or any violation of principle, in that case also discharge the next friend and permit the cause to proceed in the name of the rightful party? Where a suit is properly brought in the name of the next friend and the infant attains his majority, there is no change of pleading necessary. The court takes cognizance of the fact that the infant has attained the age of twenty-one years, the suit is directed to proceed in his name, and the next friend is discharged.

In *Garlick* v. *Strong et als.*, 3 Paige's Chan. Reports, p. 440, a bill in equity was brought by the wife against her husband with respect to her separate estate. There was a demurrer to the bill, because, among other objections assigned,

it appeared that the plaintiff had sued in her own name when she should have appeared by her next friend. .The court held that she could not sue *in propria persona;* that the suit should have been by her next friend, and that the objection was well taken ; but it permitted the complainant to amend her bill by substituting a proper and responsible person as her next friend to prosecute the suit.

No reason can be perceived why, if a married woman may amend her bill by inserting the name of a next friend, she may not with equal propriety be permitted to amend her declaration by striking from it the wholly needless and superfluous shadow, rather than to permit the substance to be sacrificed.

Objection was taken during the course of the trial to the ruling of the court in permitting Walter R. Smith to testify, as set forth in the bill of exceptions numbered 2. The accident which is the foundation of the suit occurred on the 14th of December, 1892, and the court permitted the plaintiff to prove by the witness Smith that during the fall of that year this trolley-wire had broken frequently. We think the evidence was properly admitted. It seems to involve at least a kindred proposition to that decided by this court in *Brighthope R. Co.* v. *Rogers,* 76 Va. 443. It was there held that, employing an agency so powerful and dangerous as steam, a railway company is liable for all injuries caused by its omission to employ the best mechanical contrivances and inventions in known use, and that testimony was admissible to prove that the locomotive which fired the wood on that occasion had on other occasions emitted sparks and set fire to property along the railway, in order to show negligence and defects of machinery.

Electricity is an agency no less powerful and dangerous than steam, and imposes equal obligations upon those who use it. The trolley-wire is a contrivance essential to the use of elec-

tricity in the mode adopted by the defendant company, and the frequently recurring accidents which happened to the particular wire which is the subject of investigation in this controversy were quite sufficient to warn the defendant of its unsafe condition.

We think the defendant's objection to instruction numbered 4 as given by the court is well taken. The instruction is as follows: " That, in estimating damages, they may take into consideration loss of time, pecuniary expense, bodily pain, any incurable hurt, expense of cure, and mental suffering caused by the injury; also future damages for loss of health, time, and use of limbs, bodily pain and suffering, and mental suffering, and also any nervous affection, where actual injury to the person has been sustained."

This seems to involve elements of damage which would be properly recoverable by the husband, and which do not constitute any part of the separate estate of the defendant in error. It has been held that the Married Woman's Act leaves the rights, duties, and obligations of the husband and wife as at common law, except in so far as the act itself has changed or modified them. The husband is still entitled to the services of his wife; the wife is still entitled to support at the hands of her husband ; therefore, in estimating the damages, the jury should not have taken into consideration the loss of time or the pecuniary expenses incurred. The instruction seems to us in these particulars to be erroneous. It may very well be that the error was harmless. We cannot say with certainty that it was so. There was evidence before the jury of loss of time and of pecuniary expense, though the value of these two items was not given in figures, nor indeed was there any particular value placed upon any of the several elements of damage enumerated ; but the whole case went before the jury upon this instruction, which directed them to consider and to value the various injuries alleged, and we

cannot say to what extent their verdict may have been swollen or influenced by them. Where, in a suit by the wife, it is averred and shown that she has paid out of her separate estate such costs and expenses as are referred to in the foregoing instruction, and where the wife is a sole trader, under the statute she may recover, because there the loss of her services is a direct injury to her separate estate, for which she should be reimbursed ; and other instances may, perhaps, occur, but the general rule is as before stated, and the exception to it should appear in the pleadings and proofs.

The court was also asked to instruct the jury to disregard the first and third counts of plaintiff's declaration. The reason assigned is that these two counts allege that the plaintiff " was thrown " from the car, while the proof was that she voluntarily jumped from the car. We think that there is a variance between the allegation of the first count and the proof, and that the instruction asked for to disregard the first count should have been given. *Lund and Wife* v. *Tyngsboro*, 11 Cush. 563. The instruction as to the third count was properly refused.

Upon the whole case, therefore, we are of opinion that while the Circuit Court cannot be said to have erred in refusing the motion in arrest of judgment, or to set aside the verdict, because the suit was improperly brought in the name of a married woman over twenty-one years of age by her next friend, it would have been proper for the court to enter an order discharging the next friend, and directing that the suit should thereafter proceed in the name of Regina Elmore Bowles ; that there was no error in permitting the testimony of Walter R. Smith, as set forth in bill of exceptions numbered 2 ; but that the court erred in giving instruction numbered 4 in the form in which it appears in the record, and that it erred in refusing to instruct the jury to disregard the first count in plaintiff's declaration, under the evidence as certified in this record.

For these reasons the judgment of the Circuit Court is reversed, and this court will proceed to enter judgment in conformity with the foregoing opinion.

*Reversed.*