Virginia F. CAREY, Appellant,

v.

Cecil R. FOSTER, Appellee.

No. 9502.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 8, 1964.

Decided May 14, 1965.

Montgomery Knight, Jr., Norfolk, Va., for appellant.

Larry M. Topping and Lewis H. Hall, Jr., Newport News, Va., Hall & Fox, Newport News, Va., on the brief, for appellee.

Before HAYNSWORTH, BOREMAN and J. SPENCER BELL, Circuit Judges.

HAYNSWORTH, Circuit Judge:

The question is whether in Virginia a wife may maintain an action for loss of consortium resulting from negligent injury of the husband. Virginia's Supreme Court of Appeals has not decided the question. Our attempt to predict what that court would do if this case were be-

fore it is very much conditioned, however, by a Virginia statute which, conferring some rights upon the wife, deprives the husband of a right to maintain an action for loss of consortium resulting from negligent injury to the wife.

Mr. and Mrs. Carey were both injured in an automobile collision. His injuries were relatively severe; hers slight. They joined in an action against the driver of the other vehicle. The jury was instructed that it could award the husband no damages for loss of his wife's consortium, but it appears from the Court's opinion that it was allowed to award damages to him for mental anguish caused by the disruption of his normal marital life resulting from his injuries.[1] Initially the jury was instructed that it could award the wife damages for loss of her husband's consortium, and the jury, answering a special interrogatory, awarded her $12,000 on that account. It also awarded her $1,000 for her physical injuries and the husband $45,000 for his injuries.

Subsequently, however, the District Court granted a motion to set aside the verdict to the extent that it awarded damages to the wife for loss of consortium resulting from the husband's injuries. Judgments were then entered in favor of the husband in the amount of $45,000 and in favor of the wife in the amount of $1,000. She alone has appealed, contending that, while her husband is not entitled in Virginia to maintain an action for loss of consortium by reason of her injuries, she is entitled to recover for her loss of consortium by reason of his injuries.

The plaintiff would have us look at the matter as if Virginia's slate were clean. The dicta she finds and nonjudicial comment, though somewhat favorable to her contention, she brushes aside, stating that there is no definitive holding in Virginia that either the husband or the wife may, or may not, maintain an action for loss of consortium insofar as its intangible [2] aspects are involved. She assumes that the husband in Virginia has a right to maintain an action for loss of consortium, except that by statute the right of action is vested in the wife, and she urges that we adopt the "modern" approach, recognize the emancipation of the wife, her equal interest in the marriage relationship, and hold that she has equal rights of indemnification for its disruption or impairment.

If it were true that a husband in Virginia has a right to recover damages for his own use and enjoyment on account of his loss of his wife's affection and companionship resulting from injuries negligently inflicted upon her, and if Virginia's slate were otherwise clean, we would be inclined to embrace the equality argument. In that event, we would be compelled, in a proper case, to apply Virginia law allowing the husband to recover, and we could not even consider the desirability of achieving equality by treating the husband's right to recover for loss of consortium as "a fossil from another era,"[3] and denying the right to him. Equality in the federal courts could be achieved only by recognition that the wife, too, had the same right of action.

In Igneri v. Cie de Transports Oceaniques, 2 Cir., 323 F.2d 257, the arguments pro and con were thoroughly canvassed. We need not undertake an examination of the generally relevant materials here or an elaboration of Judge Friendly's comprehensive review of them, for Virginia's statute looms large upon her slate. It has either abolished the husband's right to recover for the intangible components of

1. See Carey v. Foster, E.D.Va., 221 F. Supp. 185, 188.

2. The word is imprecise, but one less inappropriate does not come readily to mind. "Sentimental" has been used, but conjugal rights are more than that. Though the wife's demonstration of her affection may be quite tangible, the word "intangible" is employed here to distinguish the husband's rights to his wife's affection and companionship from his economically more tangible right to her services.

3. Jaffe, Damages for Personal Injury: The Impact of Insurance, 18 Law & Contemp. Prob. 219–229.

loss of consortium or has so altered his rights that allowance of the action by the wife would serve the interest of equality not in the least.

The controlling statute is § 55–36 of the Code of Virginia (1950), which reads as follows:

*"Contracts of, and suits by and against, married women.—*

"A married woman may contract and be contracted with and sue and be sued in the same manner and with the same consequences as if she were unmarried, whether the right or liability asserted by or against her accrued heretofore or hereafter. *In an action by a married woman to recover for a personal injury inflicted on her she may recover the entire damage sustained including the personal injury and expenses arising out of the injury, whether chargeable to her or her husband, notwithstanding the husband may be entitled to the benefit of her services about domestic affairs and consortium, and any sum recovered therein shall be chargeable with expenses arising out of the injury,* including hospital, medical and funeral expenses, and any person, including the husband, partially or completely discharging such debts shall be reimbursed out of the sum recovered in the action, whensoever paid, to the extent to which such payment was justified by services rendered or expenses incurred by the obligee, provided, however, that written notice of such claim for reimbursement, and the amount and items thereof, shall have been served on such married woman and on the defendant prior to any settlement of the sum recovered by her; *and no action for such injury, expenses or loss of services or consortium shall be maintained by the husband."* (Emphasis supplied.)

The statute, of course, has a history.

In 1919, to the original provision authorizing a married woman to contract and to sue and to be sued, Virginia's General Assembly added a provision:

"In an action by a married woman to recover for a personal injury inflicted on her, she may recover the entire damage sustained, notwithstanding the husband may be entitled to the benefit of her services about domestic affairs; and no action for such services shall be maintained by the husband."[4]

Earlier, it had been held in Virginia that a wife could not recover for the loss of her own services, unless she were a "sole trader," for otherwise not she but her husband was entitled to her services, and she could recover for her medical expenses only if she proved that they were paid out of her separate estate.[5] The Reviser's Note for § 5134 of the 1919 edition of the Virginia Code stated that the intention of the amendment was to overturn the result of those earlier cases which had thus limited the wife's recovery for her own injury. The Note recognized the difficulty in allocating the damages between husband and wife, and expressed the conclusion that it seemed best to give her the right to recover all damages.

It may be noted that while the 1919 revision provided that a wife might recover "the entire damage sustained" when she is injured, the only specific reference to the husband's previous rights was his right to her services, and the only prohibition against subsequent actions maintained by him consequent upon injuries to his wife was that he should not sue for deprivation of her services. Though the Reviser's Note indicates that she should also be allowed to recover medical expenses paid by the husband, the 1919 amendment itself left that situation uncertain.

4. Virginia Code § 5134 (1919).

5. Richmond Railway & Elect. Co. v. Bowles, 92 Va. 738, 24 S.E. 388; Atlantic & D. Ry. Co. v. Ironmonger, 95 Va. 625, 29 S.E. 319; Norfolk Ry. & Light Co. v. Williar, 104 Va. 679, 52 S.E. 380.

To clarify the matter the statute was again amended [6] in 1932 to read, in relevant part, as follows:

"In an action by a married woman to recover for a personal injury inflicted on her, she may recover the entire damage sustained including the personal injury, expenses arising out of the injury (whether chargeable to her or her husband) notwithstanding the husband may be entitled to the benefit of her services about domestic affairs and consortium; and no action for such injury, expenses, or loss of services or consortium, shall be maintained by the husband."

The 1932 amendment made it plain that the husband could no longer maintain an action for consortium in its intangible aspects if any such right ever existed in Virginia. It made the statute explicit that the wife could recover her medical expenses whether paid by her husband or not, and it retained the language entitling her to recover the entire damages sustained when she was injured. The statute is readily susceptible of a rational construction that the wife's rights of recovery for her own injury were the tangible items of damage, whether the right of recovery in an earlier day had been vested in her husband or in her, plus damages for her own mental anguish, those and no more.

In Floyd v. Miller, 190 Va. 303, 57 S.E.2d 114, a husband sought to recover from his wife's committee medical expenses which he had paid and which had been recovered by her as one element of her damage in a successful suit for her wrongful injury. A divided Virginia Supreme Court of Appeals held that the husband could not recover the medical expenses he had paid, for the statute, as amended in 1932, gave the wife the right to recover them and deprived the husband of all rights of action arising out of the wife's injury. In a dictum, the Court's majority also said that the statute had transferred to the wife the husband's right to recover for loss of consortium, which, of course, it had in its tangible aspects, at least.

The decision in Floyd v. Miller was promptly overturned by Virginia's General Assembly. In 1950, it amended the statute to read as it now does, specifically providing that the wife's recovery shall be chargeable with expenses arising out of her injury by whomever paid.[7] It retained the prohibition against the husband's maintenance of any action for his wife's injuries, his expenses or loss of services or consortium. The wife's rights were defined as they had been earlier. She may recover "the entire damage sustained including the personal injury and expenses arising out of the injury, whether chargeable to her or her husband * * *."

This was the state of affairs when this Court by a divided vote in Ford Motor Co. v. Mahone, 4 Cir., 205 F.2d 267, affirmed a judgment for a wife over objection that the jury had been told that it might include in the damages for her personal injuries an amount on account of the husband's loss of his wife's consortium. The majority read the statute as recognizing that, earlier, a husband in Virginia had a right to recover for loss of consortium in its intangible aspects as a result of injury negligently inflicted upon the wife, and held that the statute had effectively transferred that right to the wife. They were persuaded by the dictum in Floyd v. Miller, which they regarded as more than dictum.

Judge Parker, dissenting,[8] recognized the statute's absolute prohibition upon the husband's maintenance of an action for loss of consortium, but he would not read into the statute's definition of the wife's right of recovery any purpose to permit her recovery of those intangible items of damage embraced within the term "consortium," which the husband

---

6. Acts of General Assembly 1932, Ch. 25, p. 21.

7. Acts of General Assembly 1950, p. 460.

8. Curiously, he also wrote the majority opinion.

may have suffered by reason of her injury—items of damage to which no husband had ever been held entitled in Virginia in any case in which the question was in dispute.

It is particularly pertinent to note now, however, that the wife's injuries with which the Court was concerned in Ford Motor Co. v. Mahone were sustained prior to the 1950 amendment. The majority brushed the 1950 amendment aside as inapplicable. Judge Parker, on the other hand, thought the 1950 amendment made the General Assembly's earlier intention clear. It was inconceivable to him that the 1950 General Assembly would have made specific provision for the reimbursement of the expenses paid by the husband without reference to damages for loss of consortium, if it was thought that such damages sustained by him were recoverable by the wife.

We cannot brush aside the 1950 amendment as the majority did in Ford Motor Co. v. Mahone. There was a basis for the majority's conclusion in that case that the 1950 amendment was inapplicable and irrelevant, but it had long since been in effect when the injuries giving rise to this litigation were sustained.

■ As the statute now reads, it is clear that the prohibitions against the husband's maintenance of such an action are even broader and in more comprehensive language than are those provisions which define the wife's rights of action to recover for her own injuries. The husband is prohibited from bringing an action for loss of consortium; the wife is not expressly authorized to bring such an action. The wife's recovery is chargeable with the husband's claim for reimbursement of expenses, the evident intention of the 1950 amendment being to constitute the wife the trustee for the benefit of the husband to that extent. If, in addition to damages for her mental anguish because of impairment of her capacity to perform her marital obligations, it were thought that she was to recover a sum representing her husband's loss of consortium, it seems extremely

strange that the General Assembly would not have provided that the recovery to that extent would also be payable to him.

The fact that the majority in Ford Motor Co. v. Mahone, ruling that the 1950 amendment was inapplicable there also thought it irrelevant, furnishes a valid basis of distinction between that case and actions by wives for personal injuries sustained at a later date. The 1950 amendment does throw additional light upon the legislative intention as to the scope of the wife's right of action for her personal injuries as well as upon its intention as to the division of the proceeds between husband and wife. After the 1950 amendment, we conclude, the statute cannot be construed to authorize the wife to recover for the husband's loss of her affection and companionship consequent upon injury negligently inflicted upon her.

■■ If our reading of the amended statute is correct, the ultimate answer here is obvious. When the wife is injured negligently, the husband in Virginia has no right, directly or indirectly, to recover for his loss of his wife's companionship and affection; neither has the wife the right to recover for loss of her own consortium. When the husband is injured negligently, consideration of equality requires that the wife be allowed no recovery for loss of her husband's consortium. She cannot claim in the name of equality rights the counterparts of which the husband does not enjoy.

If our reading of the statute is incorrect, however, if Virginia's Supreme Court of Appeals should read it differently, we still come to the same conclusion, for the statute has so transformed the husband's right as to place it beyond judicial power to give to the wife an equal, conterminous right.

If we read the amended statute incorrectly, then in Virginia the injured wife, but not the husband, may recover for his loss of her consortium and whatever she recovers on that account she may retain as her own, for her recovery

is chargeable only with her husband's expenses. An equal reciprocal right would give her nothing, but would give her injured husband a right to recover for her loss of his own consortium and to retain the proceeds as his own. That, of course, is beyond judicial power. It would require legislative action. If, on the other hand, she should be given the right to recover for her loss of his consortium and to retain the proceeds as her own, then the husband has no right of recovery for loss of consortium while the wife may recover for it no matter which of the partners is injured. That is not equality. We cannot infer from her emancipation such a large bundle of rights wholly denied to all husbands.

The alternative serves as emphatic underscoring of our reading of the statute. If the legislative intention had been to allow the wife to recover damages for her husband's loss of her consortium in its intangible aspects and retain them for her own use, surely it would have provided a concomitant right of the husband to recover for his wife's loss of his consortium. Its failure to do so strongly supports the reading that the amended statute enlarged the wife's right of recovery when she is negligently injured only to the extent specifically provided. Read more broadly the statute becomes a monstrous distortion of equality.

■ The Virginia statute, however it is read, has placed an insurmountable obstacle in the way of judicial accomplishment of a result judges might think best. Courts may overturn judicially fashioned rules. They may withdraw or modify rights they once thought deserving of recognition, and they may recognize new rights when such recognition seems necessary to achieve an harmonious result, justice and equality. They may not reverse a legislative exercise of constitutional power, and rarely can they erect a structure to match a legislative creature though they may think the legislature should have gone further than it did.

■ Even when there has been no codification of rights in this field, some courts have felt the common law so solidified as to preclude judicial alteration; legislative action is thought requisite.[9]

---

9. State courts have denied the wife's action in the following cases: Smith v. United Const. Workers, 271 **Ala.** 42, 122 So.2d 153; Jeune v. Del E. Webb Const. Co., 77 **Ariz.** 226, 269 P.2d 723; Deshotel v. Atchison, T. & S. F. Ry. Co., 50 Cal.2d 664, 328 P.2d 449; Johnson v. Enlow, 132 **Colo.** 101, 286 P.2d 630; Lockwood v. Wilson H. Lee Co., 144 **Conn.** 155, 128 A.2d 330; Ripley v. Ewell, 61 So.2d 420 (**Fla.**); Miller v. Sparks, 189 N.E.2d 720 **Ind.App.**); Coastal Tank Lines v. Canoles, 207 **Md.** 37, 113 A.2d 82; State Farm Mut. Auto Ins. Co. v. Village of Isle, 265 **Minn.** 360, 122 N.W.2d 36; Snodgrass v. Cherry-Burrell Corp., 103 N.H. 56, 164 A.2d 579; La Eace v. Cincinnati, N. & C. Ry. Co., 249 S.W.2d 534 (**Ky.**); Larocca v. American Chain & Cable Co., 23 **N.J.**Super. 195, 92 A.2d 811, aff'd 13 **N.J.** 1, 97 A.2d 680; Roseberry v. Starkovich, 73 **N.M.** 211, 387 P.2d 321; Kronenbitter v. Washburn Wire Co., 4 **N.Y.**2d 524, 176 N.Y.S.2d 354, 151 N.E. 2d 898; Nelson v. A. M. Lockett & Co., 206 **Okl.** 334, 243 P.2d 719; Neuberg v. Bobowicz, 401 **Pa.** 146, 162 A.2d 662; Page v. Winter, 240 **S.C.** 516, 126 S.E. 2d 570; Garrett v. Reno Oil Co., 271 S. W.2d 764 (**Tex.Civ.App.**); Ash v. S.S. Mullen, Inc., 43 **Wash.**2d 345, 261 P.2d 118; Seagraves v. Legg, 127 S.E.2d 605 (**W.Va.**); Nickel v. Hardware Mut. Cas. Co., 269 **Wis.** 647, 70 N.W.2d 205. Federal courts have reached the same result in the following diversity cases: Criqui v. Blaw-Knox Co., D.**Kan.**, 208 F.Supp. 605, aff'd 10 Cir., 318 F.2d 811; Werthan Bag Corp. v. Agnew, 6 Cir., 202 F.2d 119 (**Tenn.**)

A few states have permitted the action without enabling legislation. State courts: Missouri-Pacific Transp. Co. v. Miller, 227 **Ark.** 351, 299 S.W.2d 41; Stenta v. Leblang, 185 A.2d 759 (**Del.**); Hitaffer v. Argonne Co., 87 U.S.App.**D.C.** 57, 183 F.2d 811, 23 A.L.R.2d 1366; Brown v. Georgia-Tennessee Coaches, Inc., 88 **Ga.**App. 519, 77 S.E.2d 24; Dini v. Naiditch, 20 Ill.2d 406, 408, 170 N.E.2d 881, 86 A.L.R.2d 1184; Acuff v. Schmit, 248 **Iowa** 272, 78 N.W.2d 480; Montgomery v. Stephan, 359 **Mich.** 33, 101 N.W.2d 227; Novak v. Kansas City Transit, Inc., 365 S.W.2d 539 (**Mo.**); Mariani v. Nanni, 185 A.2d 119 (**R.I.**); Hoekstra v. Helgeland, 78 **S.D.** 82, 98 N.W.2d 669. Federal diversity cases: Duffy v. Lipsman-Fulk-

Perhaps those courts have been influenced by a conviction that an overwhelming case has not been made for recognition of a wife's right to recover for loss of consortium even though the husband's right be recognized. The contending considerations may have been thought nearly in balance as the Second Circuit has so recently concluded.[10] Otherwise, it would be a very narrow view of the court's power and function to adapt decisional rules to different situations and to meet the requirements of changed conditions.[11] When the legislature has codified rights of consortium, however, the legislature has preempted the field. This is especially true when, as here, the legislatively created right, if the plaintiff's reading of the statute is accepted, is so novel that a court cannot fashion a reciprocal one. Judicial intervention here to create the right the present plaintiff claims would only distort the uncertain picture Virginia's General Assembly has painted.

In light of the statute, we conclude that the District Judge properly held that this wife could not recover damages for her loss of her husband's companionship and affection resulting from the injuries negligently inflicted upon him.

Affirmed.

---

erson & Co., D.Mont., 200 F.Supp. 71; Cooney v. Moomaw, D.Neb., 109 F.Supp. 448, approved in Luther v. Maple, 8 Cir., 250 F.2d 916.

Text comment has been generally in favor of the wife's action; see, e. g., Prosser, Torts (2d ed. 1955), at 704–5; 1 Harper & James, Torts (1956), at 643; Holbrook, The Change in the Meaning of Consortium, 22 Mich.L.Rev. 1, 8–9 (1923); Lippman, The Breakdown of Consortium, 30 Colum.L.Rev. 651, 64–68 (1930); Kinnaird, Right of Wife to Sue for Loss of Consortium Due to Negligent Injury to Her Husband, 35 Ky.L.J. 220, 223 (1946); Notes: 15 S.C.L.Rev. 810 (1963); 61 Colum.L.Rev. 1341, 1352–57 (1961); 55 Mich.L.Rev. 721 (1957); 39 Cornell L.Q. 761 (1954); 1 U.C.L.A.L. Rev. 223 (1954); 41 Geo.L.J. 443 (1953); 64 Harv.L.Rev. 672 (1951); 29 N.C.L.Rev. 178 (1951); 25 Tulane L. Rev. 293 (1951); 20 Fordham L.Rev. 342 (1951); 39 Mich.L.Rev. 820 (1941); 9 Ind.L.J. 182 (1933); 5 Cornell L.Q. 171 (1920). There are, however, some dissenting voices: Jaffe, Damages for Personal Injury; The Impact of Insurance, 18 Law & Contemp. Prob. 219, 228–30 (1953); Pound, Individual Interests in the Domestic Relations, 14 Mich.L.Rev. 177, 194–5 (1916).

Hitaffer, supra, was the subject of an annotation written in 1952; it is well written, excellently supplemented and found in 23 A.L.R.2d 1378.

10. Igneri v. Cie de Transports Oceaniques, 2 Cir., 323 F.2d 257.

11. Note, Consortium and the Common Law, 15 S.C.L.Rev. 810 (1963).