## CIRCUIT COURT OF THE CITY OF RICHMOND

Ollie Moore

   v.

Gary Lee Smith

November 2, 1973

Case No. 5884

By JUDGE A. CHRISTIAN COMPTON

     Enclosed you will find a copy of the order entered today sustaining that part of the defendant's motion to set aside the verdict which relates to the award of a sum to the plaintiff for her husband's loss of consortium.

     In the accident sued upon, the plaintiff while riding in a vehicle driven by her husband was injured through the negligence of the defendant. The husband was not hurt. In addition to damages personal to her, the plaintiff alleges that the defendant's negligence caused "her husband to be deprived of the services and consortium of the plaintiff."

     The plaintiff and her husband testified concerning the accident-caused interruption of their conjugal relations.

     The jury was instructed that among the damages to be awarded the plaintiff, they could consider "[a]ny damages suffered by Mr. Moore as a result of the loss by him of Mrs. Moore's consortium; that is, his loss, if any, of her society, companionship, and marital affection." See Instruction 55. The evidence was insufficient to allow the jury to consider awarding a sum for loss of the plaintiff's services.

By responding to a special interrogatory, the jury has indicated that of the $1,500.00 awarded the plaintiff, $500.00 was for the loss by the husband of the plaintiff's consortium. To have so instructed the jury was error and, therefore, the verdict will be reduced accordingly.

The issue to be decided is whether in Virginia a married woman may recover damages for her husband's loss of her consortium as the result of a negligent personal injury to her. This query must be answered in the negative.

The construction of Code § 55-36 is, of course, the problem. The legislative history to 1950 of this statute, which removed the common law disabilities of a married woman and which is to be strictly construed, is traced in Justice Miller's opinion for the majority in Floyd v. Miller, 190 Va. 303 (1950). The statute was amended again in 1950 after Floyd and since then there has been no decision of the Virginia Supreme Court on the issue here presented. The question has not remained dormant since 1950, however. In addition to the Federal cases on the subject, to be discussed infra, The Supreme Court of Virginia by denying two writs of error in separate cases in 1962 and this Court on at least three occasions (as well as three other trial courts in the Richmond area to the writer's personal knowledge) have considered the same or a similar question. The consistent holdings in the two Supreme Court cases help to point the way to the decision here. The trial court results referred to above have not been uniform. See the exhaustive briefs and opinions in the following cases decided by the Law and Equity Court: Ayers v. Spring, opinion October 23, 1962, Young, J., ended file No. A-7000; Gutshall v. Cliff Weil, opinion June 13, 1963, Sands, J., ended file No. A-8241; and Toler v. City of Richmond, opinion November 2, 1964, Young, J., ended file No. A-9387. Judges Bazile, Doubles, and Knowles are known to have considered the same or similar question in the Hanover Circuit Court, Hustings Court Part II of

the City of Richmond, and Henrico Circuit Court respectively.

In the case of <u>Bryant</u> v. <u>Watts,</u> 203 Va. lxxi, the Supreme Court on October 3, 1962, refused a writ of error which affirmed the action of the trial court in sustaining a demurrer to a suit by a married woman whose husband had been negligently injured, the wife having sued to recover: (1) for her loss of consortium as the result of his injury; and (2) for his loss of consortium as the result of his injury. Supreme Court Record No. 5447.

On October 5, 1962, in <u>Peale</u> v. <u>Nankiwell,</u> 203 Va. lxxxiii, an appeal was refused wherein the trial court had sustained a demurrer to a married woman's suit for damages for loss of her consortium as the result of the negligent injury to her husband. Supreme Court Record No. 5493.

So much for the unreported decisions since the 1950 amendment on this or similar issues which decisions are persuasive to varying degrees.

I am persuaded by and do adopt the logical reasoning of both Judge Haynesworth in <u>Carey</u> v. <u>Foster,</u> 345 F.2d 772 (4th Cir. 1965), and Judge Parker in his dissent in <u>Ford Motor Co</u>. v. <u>Mahone,</u> 205 F.2d 267 (4th Cir. 1953).

<u>Carey</u> dealt with the question of whether in Virginia a wife could maintain an action for loss of consortium as the result of negligent injury to the husband, a question similar to but not precisely the same as in the case at bar. (Because at common law the wife could maintain no action for loss of her consortium as the result of the wrongful injury to her husband, a different issue is presented.) <u>Mahone</u> presented the same question here under consideration but, as Judge Haynesworth points out in <u>Carey</u>, was based on a cause of action arising before the 1950 amendment, i.e., August 9, 1949, 205 F.2d at 271 and 345 F.2d at 776.

For the reasons discussed in the aforesaid two cases, I am of the opinion that by the statute as amended in 1950 the husband's common law right to recover for loss of consortium as the result of negligent injury to the wife has been eliminated and, according the statute the strict construction it requires, "the wife has not been expressly authorized to bring such action." 345 F.2d at 776. The married woman's acts remove disabilities but do not create new rights of action.

Justice Miller's statement in Floyd discussing the statute after the 1932 amendment should not be overlooked. He wrote that the statute after the 1932 amendment "is equally as clear and even more positive in its terms that its purpose and intent are to deprive the husband of the right to recover the other two elements of damage incident to her injury, i.e., loss of consortium and all expenses chargeable to him which he had theretofore enjoyed, and vest these remaining two elements of damage in the injured wife." 190 Va. at 309. As Judges Haynesworth and Parker have written, the issue in Floyd did not involve the question here presented but related to the husband's right to be reimbursed out of the recovery by the wife for expenses paid by him on account of her injury. Accordingly, Justice Miller's statement is dictum and should not be considered binding when the issue is squarely presented as here. Cf. Alsop v. Eastern Air Lines, Inc., 171 F. Supp. 180 (E.D. Va. 1959). See also Notes, 23 A.L.R.2d 1378, 133 A.L.R. 1156, and 21 A.L.R. 1517.

As a matter of interest, it is noted that at least one unsuccessful attempt since the early 1960s has been made in the General Assembly to amend Code § 55-36 and provide the wife with the right contended for here. See attached copy of S.B. 138 offered January 25, 1966.