## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### ATLANTIC & DANVILLE R. CO. V. IRONMONGER.

FEBRUARY 10, 1898.

Absent, Cardwell, J.

1. NEGLIGENCE—*Driver and Passenger.*—The negligence of the driver of
a vehicle cannot be imputed to a passenger therein, where the pas-
senger, as in a case like this, is in the vehicle on the invitation of
the owner and driver. If the passenger himself has been guilty of
contributory negligence he is excluded from recovery on account of
his own negligence, and not because of the negligence of the driver.

2. HUSBAND AND WIFE—*Personal Injury to Wife—Loss of Services—Cost
of Cure.*—Notwithstanding the provisions of Chapter 103 of the
Code, the husband is still entitled to the services of the wife and is
bound for her support; and, in an action by her to recover damages
for personal injuries loss of time is not a proper element of dam-
age, unless it be averred in the declaration and shown in the proof
that she was a sole trader; nor are the costs of her cure, unless it
be averred and proved that she paid such costs out of her separate
estate.

3. INSTRUCTIONS—*Harmless Error.*—Erroneous instructions cannot be
said to be harmless when, under those instructions, it was the duty
of the jury to take into consideration certain elements of damage
which it could not have considered under proper instructions.

Error to a judgment of the Hustings Court of the city of
Portsmouth rendered April 30, 1896, in an action of tresspass
on the case, wherein the defendant in error was the plaintiff, and
the plaintiff in error was the defendant.

*Reversed.*

The evidence in this case sufficiently appears in the opinion
of the court. After all the evidence had been introduced
sundry instructions were asked by the plaintiff and the defen-
dant. Six instructions were given on the motion of the plain-
tiff, and four on the motion of the defendant. Instruction No.

2 given on the motion of the plaintiff is set out in the opinion of the court. The other instructions given for the plaintiff and the defendant, respectively, are as follows:

### Plaintiff's Instruction, No. 1.

"The court instructs the jury that if they believe from the evidence that the plaintiff was riding in a vehicle driven by the owner of the vehicle over which she neither assumed nor exercised any control, and over which she had no control, and she is injured in a collision at a railway crossing on the public highway by a railway train and without any negligence on her part if the negligence of the driver in driving upon the crossing contributed to said injury then said contributory negligence cannot as a matter of law be imputed to her."

### Plaintiff's Instruction, No. 3.

"The court instructs the jury that if they should believe from the evidence that the whistle was not at least twice sharply sounded at a distance not less than 300 yards before the highway crossing referred to in the piaintiff's declaration was reached, and that such failure to so sound the whistle at such distance tended to cause the accident complained of in said declaration, then the defendant, The Atlantic & Danville Railway Company, is liable for all damages caused by such neglect, and they must find for the plaintiff unless they believe from the evidence that the plaintiff, by her own negligence and recklessness, directly and proximately contributed to the act which caused her injury."

### Plaintiff's Instruction, No. 4.

"The court instructs the jury that if they shall believe from the evidence that the plaintiff is entitled to recover damages then in estimating the damages sustained by her, they should take into account the bodily injury sustained by the plaintiff, the mental suffering, the pain undergone, the effect on the health of the sufferer according to its degree, and its probable duration, as likely to be temporary or permanent, the expenses incidental to

attempts to effect a cure, or to lessen the amount of injury, and the pecuniary loss sustained by the plaintiff through inability to attend to her business, or such of them as they believe exists or existed."

*Plaintiff's Instruction, No. 5.*

"If the jury believe from the evidence that the view of an approaching train was obstructed by a building belonging to the defendant and cars standing on one or more of the tracks of said company, so that a person or persons approaching Portsmouth on the said shell road on the south side of the tracks, could not see a train approaching on the tracks to the east of the shell road, and that ordinary care would have required other precautions than if the view was not so obstructed, and that the defendant did not use such other precautions, then they must conclude that the defendant was guilty of negligence; and if they believe further from the evidence that the plaintiff did not know, on account of said obstructions, that the train was nearing the crossing so as to endanger her passing over the same, but acted as an ordinarily prudent person would act under the circumstances, they must find for the plaintiff such damages as are proper, not exceeding the amount claimed in the declaration."

*Plaintiff's Instruction, No. 6.*

"The court instructs the jury that a railroad running and operating trains over a crossing in a public road, which is daily frequented as a drive and a walk-way by the inhabitants of the city of Portsmouth, as well as by other persons, for the ordinary purpose of travel and business, must use greater care and diligence to prevent injury to persons and property than is required of them in running and operating their trains is less frequented localities, and that the neglect of such precautions as are proper under the peculiar circumstances and surroundings of the locality constitutes negligence, for which the railroad company is

liable in damages unless the plaintiff, by the exercise of ordinary care on her part, could have prevented the accident which was the result of such negligence."

### *Defendant's Instruction, No. 2.*

"The court instructs the jury that the presence of railroad tracks is a proclamation of danger to anyone attempting to cross them, and that it is not only the duty of the person about to cross railroad tracks to vigilantly use his eyes and ears and to look in every direction, and to listen to make sure that the crossing is safe, and that this duty is not performed by plaintiff's looking from a point where the view is obstructed, but the duty is a continuous one, and must be performed at any point at which a view may be had, if there is such a point before reaching the track, and if the plaintiff fails to perform this duty, and by performing it might have seen the danger in time to avoid it, such failure is contributory negligence on the plaintiff's part and she cannot recover, notwithstanding the jury may believe from the evidence that the defendant is also guilty of negligence, unless the defendant's agents might, after perceiving the negligence of the plaintiff, have stopped the engine in time to avert the accident."

### *Defendant's Instruction, No. 3.*

"The court instructs the jury that it was the duty of the plaintiff to look and listen before reaching the crossing at a point from which she might have seen or heard the approaching engine, and if the jury believe from the evidence that there was such a point, and that by looking from such a point she could have seen the approaching danger in time to avoid the accident, it must be conclusively presumed that she disregarded that rule of law and of common prudence, and did not look, or, if she looked, that she went negligently into an obvious danger."

### Defendant's Instruction, No. 4.

"The court instructs the jury that even though they may believe from the evidence that a view of the track on which the defendant's engine was approaching the crossing was partially obstructed by cars left standing on the sidetracks, yet that fact did not lessen the caution required of the plaintiff in attempting to cross, but, on the contrary, imposed upon her a higher degree of caution."

### Defendant's Instruction, No. 5.

"The court instructs the jury that the rule requiring a traveller on a highway, on approaching a railroad crossing, to have his senses on the alert to discover and avoid danger from an approaching train, is not relaxed in favor of one who is being carried in a vehicle owned and driven by another; it is no less the duty of the passenger, where he has the opportunity to do so, than of the driver, to learn of danger and avoid it, if practicable, and if the jury believe from the evidence that the plaintiff was seated in a carriage, owned and driven by one Francis Rieger, that the curtains were up so that the plaintiff could see in the direction from which the engine was coming, and that by looking and listening the plaintiff could have discovered the approaching engine in time to avoid it, then they must find for the defendant, even though they may believe that the defendant was negligent, unless the defendant, after discovering the negligence of the plaintiff, could have avoided its consequences."

The defendant objected to all the instructions asked for by the plaintiff, but its objections were overruled, and the defendant excepted. In addition to the objection to plaintiff's instruction No. 3, as offered, the defendant further objected thereto, unless said instruction were modified by the following addition, to-wit: "But the court further instructs the jury that in order to find a verdict against the defendant for not having

sounded its whistle, if such was the case, at a point not less than 300 yards before reaching the highway crossing, the jury must believe that the failure to sound its whistle at such point was the cause of the accident, but if the jury believe from the evidence that a crossing signal was given at a point nearer the crossing, and that such signal, under the circumstances of the case, was as good a notice of the approaching locomotive as it would have been if it had been given at a point not less than 300 yards from the crossing, then the accident was not traceable to the failure to give the signal at a point not less than 300 yards before reaching the crossing."

But the court overruled this objection also, and refused to modify said instruction by the addition aforesaid, and gave the instruction in the form asked by the plaintiff; to which ruling of the court the defendant, by counsel, again excepted.

*Alfred P. Thom*, for the plaintiff in error.

*Murdaugh & Marshall*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The action of the court in overruling the demurrer to the declaration; in refusing to remove the case for trial to the Circuit Court for the county of Norfolk; and in refusing to give the instruction set out in bill of exceptions No. 6, are assigned as errors in the petition for this writ of error. Since the writ was awarded, the case of the plaintiff in error against Francis Rieger, which arose out of the same collision or accident as did this case, has been decided. The same questions were raised, and decided in that case adversely to the plaintiff in error. *Ante,* *p.* 418.

The record, so far as those assignments of error are concerned, being substantially the same in both cases, that decision, it is conceded, controls the decision of this case as to them. They,

therefore, need not be further considered.    Indeed they were abandoned in oral argument.

The third assignment of error is to the action of the court in giving instruction No. 3, asked for by the defendant in error, and in refusing to modify that instruction by making an addition thereto, which is set out in bill of exceptions No. 4.

The questions involved in this assignment of error were raised and decided in the Rieger case.    In that case it was held that instruction No. 3 was erroneous, and the action of the court in giving it was one of the errors for which the judgment was reversed.    It was further held that the addition to that instruction as asked for was properly refused.

The facts of the two cases being substantially the same upon which that instruction and the addition were based, the decision in this case must be the same as in that, and for like reasons.

The second error assigned is to the action of the court in giving instruction No. 2 asked for by the defendant in error, and which is as follows:

"The court instructs the jury that if they believe for the evidence that the plaintiff had no control over the management of the team, and that the plaintiff and the driver, Francis Rieger, were each independent of control by the other, and that the defendant, The Atlantic & Danville Railway Company, was guilty of any negligence which contributed to the injuries to the said plaintiff, then the defendant, The Atlantic & Danville Railway Company, is liable to the said plaintiff, regardless of whether or not the driver, Francis Rieger, was guilty of any negligence."

Instruction No. 1, given by the court upon the motion of the defendant in error, was upon the same point, was a full and accurate statement of the law, and rendered unnecessary any further instruction upon that point.    Instruction No. 2 was not only unnecessary, but it omitted the important qualification contained in the first instruction, viz: That whilst the negligence of Rieger, the driver, could not be imputed to her under the facts hypothetically stated in the instruction, still she could not re-

cover, although injured by the negligence of the plaintiff in error, if she herself had been guilty of contributory negligence.

Perhaps, when read in connection with instruction No. 1, given for the defendant in error, and instruction No. 5, given for the plaintiff in error, it may not have misled the jury, and as the judgment has to be reversed on other grounds, it is unnecessary to consider that question further than to say that if offered upon another trial upon a similar state of facts, it ought not to be given without the qualification referred to.

The sixth assignment of error is based upon the refusal of the court to give the following instruction:

"The court instructs the jury that the rule that the negligence of a driver of a vehicle is not to be imputed to a passenger is not applicable where the passenger is so located in the vehicle as to have an opportunity to discover the danger and to inform the driver of it, and if the jury believe from the evidence that the plaintiff was so situated in the carriage as, by the use of her senses of hearing or sight, she might have discovered the approaching danger in time to inform the driver of it, and for him to have avoided it and did not do so, then they must find for the defendant, unless they further believe from the evidence that the defendant might, after discovering the plaintiff's negligence, have avoided its consequences."

This instruction assumes that the rule of law, that the negligence of the driver cannot be imputed to the passenger, is not applicable where the *passenger is so located* in the vehicle as to have an opportunity to discover the danger and inform the driver of it. Where the passenger, as in a case like this, is in the vehicle by the invitation of the owner and driver, and is exercising no control over him, the negligence of the driver cannot be imputed to the passenger. If the passenger has himself been guilty of negligence he is precluded from recovery by reason of his own negligence, and not because of the negligence of the driver.

Upon the question of her own negligence, instruction No. 5, given for the plaintiff in error, stated the law as strongly in its

favor as it was entitled to.    The court did not err in refusing to give the rejected instruction.

The court, upon motion of the defendant in error, instructed the jury that in making up their verdict, if they found for her, they should, among other things, take into consideration "the expenses incidental to attempts to effect a cure, or to lessen the amount of injury and the pecuniary loss sustained by the plaintiff from inability to attend to her business."    This instruction was objected to, but the objection was overruled, and this action of the court is the fourth error assigned.

The right of a married woman to recover damages, in a case like this, for expenses incurred about effecting a cure, or for loss of time, was carefully considered in the case of *Richmond Rwy. &c. Co.,* v. *Bowles,* 92 Va. 738, and the conclusion reached that nothwithstanding the provisions of chapter 103 of the Code, the husband is still entitled to the services of his wife, and is bound for her support; and, in an action to recover damages for personal injuries to her, loss of time is not a proper element of damage, unless it be averred in the declaration and shown in the proof that she was a sole trader; nor are the costs of her cure, unless it be averred and proved that she paid such costs out of her separate estate.

The record shows that the defendant in error was a married woman.    There is neither allegation nor proof that she was a sole trader, or that the costs were paid out of, or that she had, separate estate.

The court erred, therefore, in directing the jury to take into consideration these two items in making up the amount of their verdict.    There was proof of loss of time and also of money paid for her cure.    Under the instructions of the court the jury ought to have taken these items into consideration, and we cannot say, as counsel of defendant in error insists, that they did not do what they ought to have done, and that although the instruction was erroneous, it was harmless error.

As the judgment must be reversed and the cause remanded for

a new trial, upon other grounds, it is unnecessary to consider the assignment of error that the verdict of the jury was contrary to the law and the evidence.

The judgment must be reversed and the cause remanded for a new trial to be had in accordance with the law, and the views expressed in this opinion.

*Reversed.*