# Richmond.

## NORFOLK RAILWAY AND LIGHT COMPANY v. WILLIAR.

### December 14, 1905.

1. MARRIED WOMAN'S ACT—*Services of Wife—Personal Injury of Wife.*—
Notwithstanding the comprehensive provisions of the present Married Woman's Act in this State (Acts, 1899-1900, p. 1240), the husband is still entitled to the services of his wife, and, in an action by her to recover damages for injury inflicted upon her, where the only testimony as to the diminution of her ability to perform her ordinary duties related to her impaired capacity for attending to her household duties, it is error to instruct the jury that, in assessing the damages, they may take into consideration the diminution, if any, of her physical ability to perform the ordinary duties of life, as the language of the instruction covers damages for which the husband alone can recover.

Error to a judgment of the Law and Chancery Court of the city of Norfolk, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*White, Tunstall & Thom,* for the plaintiff in error.

*R. B. Tibbett* and *Brooke & Elliott,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was instituted by Margie E. Williar, a married woman, to recover damages for personal injuries caused, as alleged, by a collision between two cars of the plaintiff in error, in one of which she was a passenger.

The declaration charges that by said collision, without contributing thereto by any act or neglect on her part, and as the direct result thereof, she was badly bruised, etc., and suffered thereform great nervous shock, physical pain and anguish of mind, and as the direct result thereof she had become permanently disabled and a helpless invalid.

The trial resulted in a verdict in favor of the plaintiff for $4,500, which the Court of Law and Chancery of the city of Norfolk refused to set aside, and entered thereon the judgment to which this writ of error was awarded.

The first assigment of error is to the action of the court in giving for the plaintiff the following instruction:

"The court instructs the jury that if they find for the plaintiff, they may, in assessing damages, take into consideration her physical and mental suffering, if any, arising from said injury; the diminution, if any, of her physical ability to perform the ordinary duties of her life, caused by said injury, and whether her said injuries are of a permanent or temporary character."

This court has held that, notwithstanding the provisions of chapter 103 of the Code, the husband is entitled to the services of his wife. *Richmond, &c., Co., v. Bowles,* 92 *Va.* 738, 24 S. E. 388; *A. & D. R. Co.* v. *Ironmonger,* 95 Va. 625, 29 S. E. 319. These cases dealt with the law touching married women and their estates as it was under chapter 103 of the Code. We now have a new married women's act. See Acts, 1899-1900, p. 1240. A careful reading of this later act, however, discloses no ground affecting the view taken by this court in the cases cited. The new act is no broader than the prior law, and under it, therefore, the husband is still entitled to the services of his wife.

This being so, we are of opinion that it was error to instruct the jury that in assessing damages they could take into con-

sideration the diminution, if any, of the plaintiff's physical ability to perform the ordinary duties of her life, for the reason that "the ordinary duties of her life" embrace elements of damage which would be properly recoverable by the husband, and which constitute no part of the wife's separate estate.

. Granting it to be true, as contended, that the ordinary duties of a married woman's life include duties in which she has a personal interest, separate and apart from her husband's right to her services, still the language also includes, as already said, those duties the performance of which constitute services belonging to the husband, and which he alone had the right to recover. The only testimony as to a diminution in her ability to perform her ordinary duties related to her impaired capacity for attending to her household duties, and as to these her husband was entitled to her services. The instruction made no discrimination, but included all the ordinary duties of life, and therefore, it was equivalent to telling the jury that they could find in a case brought by her alone, damages for that for which the husband alone could recover.

As said in a New York case, damages for the injury to her person belong to her, because the statute has given them to her, but damages for the loss of her services belong to her husband because the common law gave them to him, and the statute has not taken them away. *Blaechinska* v. *Home for Little Wanderers,* 130 N. Y. 497, 29 N. E. 755, 15 L. R. A. 215.

The action of the court in refusing to give the following instruction asked for by the defendant company, is also assigned as error:

"The court instructs the jury that if they believe from the evidence that prior to the date of the alleged accident, namely. the fourth day of December, 1902, the plaintiff had *pseudo angina pectoris,* or any nervous disorder, then she cannot re-

cover under the declaration and proofs in this cause on account of such *pseudo angina pectoris,* or other nervous disorder, existing before said accident, or any aggravation thereof produced by said accident."

It is contended that the declaration and the proof adduced in its support were expressly based upon the theory that the plaintiff, before the accident, was well, hearty and healthy, and had no *pseudo angina pectoris,* nor any nervous disorder, but that those troubles had been produced by the accident and were the direct result of it, and, therefore, that the refusal to give this instruction was a refusal to tell the jury that the plaintiff was to be restrained by the case she had claimed and attempted to sustain, and could not recover upon another and different case. It is further insisted that there can, as stated in the instruction, be no recovery for the aggravation of an existing disease where the declaration is framed upon the theory that the particular disease was produced by the injuries, and not merely aggravated thereby.

For the error already pointed out the case will have to be remanded for a new trial, and therefore we forbear to express an opinion upon this last mentioned assignment of error, for the reason that the plaintiff will, before another trial, have an opportunity to amend her declaration and thus avoid the difficulty suggested by the court's refusal to give the instruction under consideration.

The judgment complained of must be reversed, the verdict of the jury set aside, and the case remanded for a new trial to be had not in conflict with the views expressed in this opinion.

*Reversed.*