# Wytheville

UNITED DENTISTS, INC. v. MRS. GATEWOOD T. BRYAN.

June 16, 1932.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Daniel Coleman* and *N. T. Green,* for the plaintiff in error.

*Ferebee & White,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Mrs. Gatewood T. Bryan instituted an action against United Dentists, Incorporated, for damages which she claimed were occasioned by the negligence and carelessness of one of the defendant's agents in and about the extraction of a wisdom tooth. The case was tried before a jury and resulted in a verdict in her favor of $650.00, which the court refused to set aside.

United Dentists, Incorporated, the defendant in the trial court, and as such so referred to here, is a corporation organized under the laws of Virginia and authorized to engage in the practice of dentistry in all of its branches. It maintains an office for that purpose in the city of Norfolk and had in its employ, as a dentist, one Dr. Oliver G. Barnett, a graduate dentist of several years experience.

Mrs. Bryan, the plaintiff in the court below and who will be so referred to here, called at the office of the defendant corporation on September 3, 1930, for the purpose of having certain dental work performed. She was referred to Dr. Barnett and he examined the tooth which had been causing

her trouble. He advised that the tooth be extracted and she consented to have this done by Dr. Barnett. Whereupon, according to the testimony of Mrs. Bryan, Dr. Barnett examined the tooth with a mirror and then injected into the gum a solution of novocaine. After this had been done he proceeded to extract the tooth which he accomplished with little difficulty. The cavity left after the tooth had been extracted was normal and no complications were apparent.

On September 4th, Mrs. Bryan's jaw began to swell and on September 5th, she returned to the office of the United Dentists, Incorporated, and was informed by Dr. Spencer, another dentist in the employ of the defendant, after an examination, that she had an abscess. He gave her a treatment which consisted of washing and swabbing the gum and cavity with iodine. On September 6th, she called upon Dr. Manning, who was not connected with the defendant but who was a dentist of high standing and long experience in Norfolk and he treated her gum. The next day she was advised by Dr. Manning that it would be necessary that she consult Dr. Roland Walker, a specialist. She did consult Dr. Walker and on September 9th consulted Dr. J. Warren White, who informed her that the abscess would have to be lanced immediately. She was taken to a hospital on the same day and Dr. White performed the operation. She was confined in the hospital several days following the operation, and was under the treatment of Dr. White for a month and one-half.

The defendant plead the general issue and filed its ground of defense. It also filed a plea of contributory negligence claiming that Mrs. Bryan failed to follow the directions given her by Dr. Barnett. There is no evidence in the record which supports the plea of contributory negligence and it will be given no further consideration.

It is assigned as error that the court erred in overruling

the motion of the defendant to strike out all of the plaintiff's testimony and in refusing to set aside the verdict and enter up judgment for the defendant.

It is also assigned as error that the court, over the objection of the defendant, admitted improper evidence.

No objection was made or exception taken to the giving or refusal of any of the instructions.

The main contention of the plaintiff in the court below was that her injuries were directly caused by the negligence of the defendant's agent, in using in the operation instruments which were unclean and in administering the anaesthetic in a careless and negligent manner.

The doctrine of *res ipsa loquitur* does not apply in this case.

There seems to be little difficulty about the law in such cases. It seems to be settled that a dentist who holds himself out to the world as such, impliedly represents that he possesses the necessary and proper skill to practice his profession. The degree of care and skill required, is the same as that which would be exercised by the ordinarily prudent dentist, in good standing, in his community. He does not guarantee or warrant a cure. He is not required to exercise the highest degree of care and skill known to the profession. A clear statement of the care required of a physician or surgeon, which also includes a dentist, is found in *Michie's Digest of Virginia* and *West Virginia Reports*, Vol. 8, page 155, where the rule is expressed in this language:

"A physician is not required to exercise the highest degree of skill and diligence possible, in the treatment of an injury, unless he has by special contract agreed to do so. In the absence of such special contract, he is only required to exercise such reasonable and ordinary skill and diligence as are ordinarily exercised by the average of the members of the profession in good standing, in similar localities and in the same general line of practice, regard being had to

the state of medical science at the time. *Vaughan* v. *Memorial Hospital*, 100 W. Va. 290, 130 S. E. 481; *Meadows* v. *McCullough*, 101 W. Va. 103, 108, 132 S. E. 194; *Fox* v. *Mason*, 139 Va. 667, 124 S. E. 405; *Vaughan* v. *Memorial Hospital*, 103 W. Va. 156, 136 S. E. 837; *Dye* v. *Corbin*, 59 W. Va. 266, 53 S. E. 147; *Kuhn* v. *Brownfield*, 34 W. Va. 252, 12 S. E. 519, 11 L. R. A. 700; *Lawson* v. *Conaway*, 37 W. Va. 159, 16 S. E. 564, 18 L. R. A. 627, 38 Am. St. Rep. 17; *Tompkins* v. *Pacific Mut. Life Ins. Co.*, 53 W. Va. 479, 491, 44 S. E. 439, 62 L. R. A. 489, 97 Am. St. Rep. 1006."

The assignment of error renders it necessary to pass upon the sufficiency of the evidence. Does the evidence support the finding of the jury that the defendant through the negligence of its agent was directly responsible for the infection in Mrs. Bryan's jaw?

Mrs. Bryan testified that Dr. Barnett failed to swab her gum with a disinfectant before he inserted the hypodermic needle through which the novocaine was injected. This testimony is not contradicted, though Dr. Barnett was placed upon the stand.

The evidence also discloses that the defendant used a seventy per-cent solution of alcohol to sterilize the hypodermic needle and that the same needle which was used to inject the novocaine into Mrs. Bryan's jaw was used fifteen minutes before upon another patient.

The evidence also disclosed that the defendant kept the solution of alcohol, which was used for sterilizing the needle, in a half pint milk bottle; that the entire needle could not be completely immersed in the alcohol because the milk bottle was not of sufficient size to permit of its entry, and as a result the handled portion of the needle was not immersed in the solution at all. It was also shown that the inside of the needle was not sterilized at all; that the inside must be cleansed with distilled water and all alcohol which may be on the inside removed. It is shown that if this is

not done, alcohol will be injected into the tissue along with the novocaine and the tissues thereby predisposed to infection. It is shown that the solution of novocaine itself must be sterilized. This is accomplished by boiling it for at least three minutes. Dr. Barnett testified that he boiled the solution before using it in Mrs. Bryan's jaw, but only boiled it for three-fourths of a minute.

There is credible testimony in the case which tends to show that the practice of the ordinarily prudent dentists in that community requires, in the extraction of a wisdom tooth, that the gum should first be swabbed with a disinfectant before the novocaine is injected; that the needle must be entirely immersed in a seventy per cent solution of alcohol for at least twenty minutes in order to properly sterilize it; that the inside of the needle must be cleansed and all alcohol removed and that a half-pint milk bottle is not a proper container for the sterilizing fluid.

As before stated, the evidence is uncontradicted that the defendant's agent failed to swab the gum with a disinfectant before he inserted the needle into it. There is, also, uncontradicted evidence which shows that the needle was not entirely immersed in the seventy per cent alcohol solution for at least twenty minutes. It also shows that the inside of the needle was not properly cleansed with distilled water before it was used. It is admitted that the solution was kept in a half-pint milk bottle.

It was clearly the province of the jury to determine whether the failure to swab the gum with a disinfectant before inserting the hypodermic needle to inject the novocaine, was negligence. Likewise, it was for the jury to determine whether the defendant provided the proper container for the sterilizing fluid or whether the needle was properly sterilized before it was injected into the gum of Mrs. Bryan.

It is contended by counsel for the defendant that the

infection was not a result of the use of any unclean instruments. In other words, if the defendant was negligent as claimed by Mrs. Bryan, the infection and her injury may just as likely have been caused by some other agency as by the failure to use clean instruments. When we refer to the evidence we find that no infection existed prior to the operation and after the operation the cavity or socket was not infected. There was never any infection in the cavity. The infection began and centered where the needle was injected into the gum. This evidence is not controverted. In any event, in this case, whether the infection directly resulted from the use of unclean instruments was peculiarly a question for the jury. In cases of this nature a plaintiff, in his proof, is not required to exclude every possibility that the injury might have been caused through some means for which the defendant is not responsible. All that is required of the plaintiff is that he prove his case by a fair preponderance of the evidence.

Counsel for the defendant contends that the trial court, over his objection, admitted improper testimony. If we assume that this evidence, under strict and technical rules, was improperly admitted, we would not be justified in reversing the judgment, because it is not shown that it was prejudicial to the defendant.

The plaintiff offered in evidence the account of Dr. White, amounting to $170.00. The defendant objected on the ground that the account was a liability of the husband of Mrs. Bryan. The court overruled the objection and admitted the account in evidence. No error was committed in admitting the account. A married woman may now recover for a personal injury inflicted on her "the entire damage sustained." Code, section 5134. This would, of course, embrace medical bills incurred by her, necessary to effect a cure and for which she is liable.

The judgment is affirmed.

*Affirmed.*