# Richmond

ODIE L. FLOYD v. VAN S. MILLER, COMMITTEE OF
EMMA CATHERINE FLOYD.

January 16, 1950.

Record No. 3551.

Present, All the Justices.

The opinion states the case.

*Basil G. Watkins, L. H. Shrader* and *Wm. M. McClenny,* for the appellant.

*William Kinckle Allen,* for the appellee.

MILLER, J., delivered the opinion of the court.

Emma Catherine Floyd, wife of Odie L. Floyd, was seriously and permanently injured when struck by an automobile driven by P. M. Wills.

An action at law for personal injuries and expenses incurred incident thereto was instituted by her against the alleged tort feasor. As an item of damage, she expressly alleged in her declaration that she had "been compelled to expend large sums of money in an effort to be cured of her injuries caused by the Defendant, to-wit: the sum of $1,300.-00." A verdict and judgment for $8,500 were recovered.

The mental condition of Emma Catherine Floyd was such as to render it necessary that a committee be appointed for her, which was done. After deduction of counsel fees incurred in the prosecution of her action, $6,000 came into the hands of the committee as funds belonging to the incompetent.

A total bill of $1,302.80, instead of $1,300.00, as stated in the declaration, was actually incurred as expenses for treatment of her injuries. It consists of two items—one of $1,102.80, due for hospitalization and nursing incident thereto, and one of $200 owing to Dr. Barksdale for professional services. Both debts had been personally contracted and incurred by Odie L. Floyd, and the larger bill owing to the hospital was actually paid by him. When the committee

of Emma Catherine Floyd undertook to settle his account, these items of $1,102.80 and $200 were presented by Odie L. Floyd for allowance and payment to him out of the $6,000 fund.

The assistant commissioner of accounts, who acted in this matter, disallowed these items and exceptions were taken to his decision and report.

By decree of the Circuit Court of Amherst county entered November 20, 1948, the exceptions were overruled and the commissioner's report disallowing these claims against the incompetent's fund in the hands of her committee was confirmed.

The sole question presented is whether Odie L. Floyd, husband of Emma Catherine Floyd, may recover out of this fund of $6,000 held by her committee the $1,302.80, which represents expenses contracted and incurred by him for hospital and medical attention to his wife.

Hospital and medical services for one's wife were necessaries at common law for which a husband was liable and that such is still true is not open to question. *Hall* v. *Stuart*, 135 Va. 384, 116 S. E. 469, 31 A. L. R. 1489. Such debts are his. In the absence of an agreement or contract by her to pay for necessaries, she is not liable therefor. Lacking an agreement on her part to pay, these bills were his debts and obligations alone. It is therefore unquestionably true that when contracted they were his, both by force of law and by express agreement, and for them he alone was liable.

Since enactment of what is commonly called the Married Woman's Act by the General Assembly in 1877, Acts 1876-77, ch. 329, p. 33, which later appeared in the Code of 1887, as ch. 103, and with amendments to date, now appears in the Code of Virginia, 1942 (Michie), as sections 5134, *et seq.*, it has been provided that a married woman's property shall not be liable for the debts and obligations of her husband. The present provision in that respect contained in section 5134 is: "* * * nor shall the property of the wife

be subject to the debts or liabilities of the husband.  * * *"

■ A husband, being liable for the support of his wife and obligated to furnish her with necessaries, but entitled to her domestic services and consortium, was at common law entitled to recover from one who wrongfully injured her, damages for loss of such services and consortium, and also any pecuniary expenses incurred by him as a result of such injury. *Richmond Ry., etc., Co.* v. *Bowles*, 92 Va. 738, 24 S. E. 388; *Atlantic, etc., Ry. Co.* v. *Ironmonger*, 95 Va. 625, 29 S. E. 319, and *Norfolk Ry., etc., Co.* v. *Williar*, 104 Va. 679, 52 S. E. 380. These were elements of damage sustained by him and for which he might maintain an action against the wrongdoer. However, in the Revision of the Code of 1919, the Married Woman's Act, as it existed at that date (the last change and amendment prior thereto having been by Acts of 1899-1900, ch. 1139, p. 1240), was amended by addition of the following language which appears as next to the last sentence of section 5134 of the Code of 1919:

"In an action by a married woman to recover for personal injury inflicted on her, she may recover the entire damage sustained, notwithstanding the husband may be entitled to the benefit of her services about domestic affairs; and no action for such services shall be maintained by the husband."

■ The right of the husband which had theretofore existed, to recover for loss of domestic services of his wife from one who had tortiously injured her, was thereby expressly taken from him and given to the wife. *Daniels* v. *Commonwealth*, 172 Va. 583, at p. 593, 1 S. E. (2d) 333. See also Revisor's Note to sec. 5134, Code of 1919, and Judge Burks' address before the Virginia Bar Association on May 16, 1919, 5 Va. Law Reg., N. S., pp. 108, 109. In that address Judge Burks, who was one of the Code Revisors, said, "* * * but as it is very difficult to sever the damages in such cases and tell what part should be recovered by the wife and what part by the husband, and as it is the wife who suffers both the physical and mental injury, it was deemed best to give her the entire damages and take away

the present right of the husband to bring a separate action for the loss of such services."

Though Judge Burks said that the amendment gave to the wife "the entire damages" and took from the husband the right to bring an action for the loss of her services, it is obvious that the amendment did not deprive the husband of the right to recover for medical expenses made necessary by the injury and paid by him. Nor was its language broad enough to take from him and vest in the wife his right to recover for loss of her consortium as distinguished from the loss of her domestic services. It thus appears that in the Revision of the Code in 1919, only one of the elements of damage, i. e., loss of domestic services which he had theretofore been entitled to recover from one who had wrongfully injured his wife was taken from him and granted to the injured wife.

The amendment to section 5134, which was made in 1932, Acts of General Assembly 1932, ch. 25, p. 21, broadened and enlarged the scope of the previous amendment that had been made by the Code Revisors. That sentence and provision that had been added to this section by the Revisors was changed, broadened and supplemented so that it now reads:

"In an action by a married woman to recover for a personal injury inflicted on her, she may recover the entire damage sustained, including the personal injury expenses arising out of the injury (whether chargeable to her or her husband) notwithstanding the husband may be entitled to the benefit of her services about domestic affairs and consortium; and no action for such injury, expenses, or loss of service or consortium, shall be maintained by the husband."

In clear, positive and inclusive language, it enumerates and expressly gives to the wife the right to recover every item of damage incident to her injury. By language equally clear, explicit and inclusive, it expressly provides that no action for any element of damage incident to such personal injury of the wife, can "be maintained by the husband."

The amendment of 1932 is wholly devoid of implication or suggestion that any part of the damages recoverable by the wife is to be held by her for her husband's benefit, nor is any substantive right to maintain an action against his wife therefor created therein for the husband through implication or otherwise. Undoubtedly his right to maintain an action against the tort feasor for any element of damage is taken from him and granted to the injured wife as was the right to recover for domestic services of his wife taken from him and vested in her by the amendment in that respect made by the Code Revisors in the Code of 1919. The Revisor's Notes and Judge Burks' address, *supra*, definitely disclose that the Code Revisors purposely intended to deprive the husband of that element of damage, *i. e.*, loss of domestic services, and vest it in the injured wife. The language of the amendment made by the Acts of 1932, ch. 25, p. 21, and now a part of sec. 5134, is equally as clear and even more positive in its terms that its purpose and intent are to deprive the husband of the right to recover the other two elements of damage incident to her injury, *i. e.*, loss of consortium and all expenses chargeable to him which he had theretofore enjoyed, and vest these remaining two elements of damage in the injured wife.

What the husband here seeks to recover from his dependent and incompetent wife is a refund of that character of debt which from time immemorial and by force of law was owing by him as part and parcel of her support, and which in this instance, in addition thereto, he expressly obligated himself to pay. The clear and certain language of the statute leaves nothing for interpretation. To conclude that she holds this $1,302.80, in trust for him, or that he is entitled to recover that sum from her or out of her estate, is to impose upon the wife the obligation of paying her husband's common-law obligations and relieve him of his personal indebtedness. It would amount to judicial legislation and not interpretation.

The decree appealed from is affirmed.

*Affirmed.*

STAPLES, J., dissenting.

I think the 1932 amendment to section 5134 of the Code should be construed as intended to require the wife to account to the husband for that part of the medical and other personal injury expenses which he paid, and that the wife is entitled to retain as her own property only so much of these expenses recovered in her personal injury suit as she herself paid or is legally obligated to pay. As I view the statute, it was intended to effect merely a change in the form of the remedy theretofore available to the husband to recover, for his own benefit, these damages sustained by him. The primary purpose was to avoid harassment of the defendant by multiple litigation and to insure that all of the issues arising out of the tort committed by him would be settled in one action. The wife's action to recover personal injury expenses should therefore be regarded as for the benefit of her husband, to the extent above indicated.

It is clear that the amendment does not *destroy* the right of action to recover for these damages suffered by the husband. On the contrary, as construed in the majority opinion, it expressly preserves it, but *transfers* the husband's right of action to the wife as well as the beneficial interest therein. Such a result is contrary to all concepts of equity and justice. It may be that in most cases no harm would result, but where the husband and wife are estranged, or the wife is mentally incompetent, as in this case, it might be disastrous to the interests of the husband. Moreover, there would be no incentive on the part of the wife to minimize the cost of her medical and hospital bills because the greater the expense which the husband is required to pay the greater would be the amount of her recovery from the tort-feasor by reason thereof. The net result would be, in effect, a transfer of that much of the estate of the husband to the estate of the wife.

The reason given by Judge Burks, a revisor of the Code of 1919, for abolishing the right of the husband to recover

damages for the loss of services of his wife was that, as a matter of fact, the wife is equally as interested in devoting her services to the welfare of her home and children as the husband is, and their interests are so blended that it is difficult to tell what part should be recovered by the wife and what part by the husband. There is no difficulty, however, in ascertaining and proving the amount of expenses incurred by the husband in the treatment and care of his wife as a result of her injuries. Nor has any good, or even plausible, reason been advanced why the money of the husband, which the law requires him to pay for her cure, should be taken from him and given to the wife who has already received the benefit of its expenditure.

The appellant contends that to deny him reimbursement out of the funds recovered for medical and hospital expenses paid by him would be a denial of due process. I think the position is well taken. The amendment of section 5134, as construed by the majority opinion, is clearly unconstitutional as to any previously existing right of action which a husband may have had to recover for medical expenses of his wife in a personal injury case. It is well settled that an existing cause of action is a vested property right which cannot be taken away by legislative enactment without violation of the guarantee of due process. 12 Am. Jur., Constitutional Law, section 661, 16 C. J. S., Constitutional Law, section 599, p. 1196. A right of action to recover damages for an injury is property which a legislature is without power to destroy, *Angle* v. *Chicago, etc., R. Co.*, 151 U. S. 1, 19-21, 14 S. Ct. 240, 38 L. ed. 55. But a person has no property right, in a constitutional sense, in any particular form of remedy so long as there is preserved for his benefit a substantial right to redress by some effective procedure. *Gibbes* v. *Zimmerman*, 290 U. S. 326, 332, 54 S. Ct. 140, 78 L. ed. 342; *Allen* v. *Motley Constr. Co.*, 160 Va. 875, 170 S. E. 412.

Since the statute, as construed by the court, is obviously unconstitutional as to a vested right of action in favor of a

husband for reimbursement for personal injury expenses incurred by him for his wife *prior to the enactment of the amendment*, it must be construed, as to such a husband, as affecting only the form of his action and not as destroying his substantive right. This is true because "If its language be such that its meaning is so cloudy, obscure and ambiguous that it is open to more than one construction, one of which would render it void or of doubtful validity, and the other is reasonable and in harmony with the Constitution and conforms to the general purpose of the statute and its associated provisions, then we must adopt such construction as sustains its validity. Lewis' Sutherland Statutory Construction, *supra*, section 498." *Miller* v. *Commonwealth*, 172 Va. 639, 648, 2 S. E. (2d) 343.

If, therefore, the validity of the amendment is to be sustained, it must be interpreted as providing for recovery by the wife for the benefit of the husband of reimbursement for expenses which had been paid by him prior to the amendment's passage.

It seems clear, also, that this same interpretation must obtain as to such expenses incurred by the husband subsequent to the amendment, because the language of the amendment makes no distinction between rights of reimbursement existing at the time and those which might arise in the future.

The interpretation of the amendment adopted in the majority opinion runs counter to the fundamental principles of our jurisprudence as handed down to us in the English common law. This appears from the following extract from an opinion delivered in the year 1760 by Lord Mansfield, Chief Justice of England: "If the defendant be under an obligation from the ties of natural justice to refund, the law implies a debt, and gives this action (indebitatus assumpsit), founded in the equity of the plaintiff's case, as it were upon a contract . . . In one word, the gist of this action is, that the defendant, upon the circumstances of the case, is obliged by the ties of natural justice and equity to refund the money." *Moses* v. *Macferlan*, 2 Burr. 1005.

In *Adkins* v. *Commonwealth*, 175 Va. 590, 599, 9 S. E. (2d) 349, the following is quoted with approval: "In an early Virginia case, Judge Lyons said: 'There are rules for construing statutes; and one is, that the best construction of the statute is, to construe it as near to the reason of the common law as may be, and by the course which that observes in cases of its own.' "

As construed by the court the amendment transfers a property right from the husband to the wife. It is not claimed that this result is predicated upon any known principle of law, equity or justice, or that it serves any lawful purpose. Obviously, such a provision is purely arbitrary. It is a well-established principle of our constitutional law that no person may be deprived of his property by arbitrary or capricious legislation. In discussing the application of the due process clause to such cases, Mr. Justice Gregory, in *Williams* v. *Richmond*, 177 Va. 477, 488, 14 S. E. (2d) 287, said:

"* * * This (the due process clause) is perhaps the most widely-discussed phrase in the Federal Constitution, and many thousands of words have been used to discuss its applicability to various situations. 'When applied to substantive rights it is interpreted to mean that the government is without right to deprive a person of life, liberty, or property by an act that has no reasonable relation to any proper governmental purpose, *or which is so far beyond the necessity of the case as to be an arbitrary exercise of governmental power.*' 16 C. J. S., *Constitutional Law*, section 567." (Emphasis supplied).

The following statement which is taken from the opinion of Mr. Justice Spratley in *American-LaFrance* v. *Arlington County*, 169 Va. 1, 14, 192 S. E. 758, is equally applicable to the standard of fairness and equity which it should be our goal to achieve in the case at bar: "As justice is the fundamental aim of the courts, we must liberally construe each law, each ground of logic and reason, to attain it. When for any reason, technical or otherwise, faith is lost

in that effort, or in the results so sought to be achieved, the foundation of our society becomes undermined."

Let us consider, then, what the rights of a married woman were, in cases similar to this, before the 1932 amendment.

Prior to the enactment of section 5134 of the Code a wife could not recover, as an element of damage for a personal injury to her, medical and hospital expenses unless she had paid them out of her *separate estate*. Where such expenses were paid by the husband, or he was obligated to pay them, they involved elements of damage which were deemed properly recoverable by him. *Richmond Ry., etc., Co.* v. *Bowles*, 92 Va. 738, 744, 745, 24 S. E. 388.

And in *Sykes* v. *Brown*, 156 Va. 881, 159 S. E. 202, it was held that a plaintiff in a personal injury suit could not recover as an element of damage the expense of medical care unless it was paid by the plaintiff. "If it was paid by a volunteer, then plaintiff would not be entitled to recover on this item of damage."

In *United Dentists* v. *Bryan*, 158 Va. 880, 887, 164 S. E. 554, it was held, before the 1932 amendment to section 5134, that a married woman could recover for the cost of medical bills incurred by her due to a personal injury, *provided she was personally liable for their payment*.

A case quite pertinent here is *Bushnell* v. *Bushnell*, 103 Conn. 583, 131 A. 432, 44 A. L. R. 785, 792. There it was held that in Connecticut a wife might maintain an action for personal injuries inflicted upon her by the negligent driving of an automobile by her husband. In such an action, the wife, as one of the elements of damage, sought to recover the amount of hospital and doctor bills which were paid by her husband, the defendant. These were charges which he was himself directly and primarily obligated to pay. It was held that the trial court properly ruled that the wife was not entitled to recover such sums.

In the case at bar, the practical effect of the court's opinion is to permit the wife to recover such expenses from her

husband even though her injury resulted, not from his negligence, but the negligence of a stranger.

It is contended by the defendant in error that, even if a husband has a legal cause of action against his wife for moneys due by her to him, he could not maintain an action against her except by express statutory authority, and, therefore, the husband's claim should be denied in this proceeding. This contention is based upon the argument that it is contrary to the public policy of the State to permit either a husband or a wife to sue the other. It is very clear, however, that the rule is otherwise. In *Moreland* v. *Moreland,* 108 Va. 93, 60 S. E. 730, it was held that the wife might maintain an action of assumpsit against the husband upon a contract by which he agreed to provide certain funds for her support. See also to the same effect, *Buchanan* v. *Buchanan,* 174 Va. 255, 277, 6 S. E. (2d) 612, and cases cited.

I think the judgment complained of should be reversed and the case remanded with directions to allow the appellant's claim.

HUDGINS, C. J., and GREGORY, J., concur in this dissent.