**Edith Edna ALSOP and Ashby W. Alsop, her husband**

v.

**EASTERN AIR LINES, INCORPORATED, a Delaware corporation.**

**Civ. A. No. 2870.**

United States District Court
E. D. Virginia,
Richmond Division.

Feb. 13, 1959.

A. Russell Beazley, Jr., Richmond, Va., for plaintiffs.

Lawrence E. Blanchard, Jr., Richmond, Va., for defendant.

STERLING HUTCHESON, Chief Judge.

This is a joint action brought by husband and wife against a third party for the recovery of damages alleged to have been tortiously inflicted upon the wife. In *Count I* the wife alleges that she was injured as a result of negligence on the part of the defendant, has expended and will be required to expend large sums of money in seeking to be cured, and has been, and in the future will, be unable to engage in her usual occupation.

In *Count II* the husband alleges that as the result of such negligence on the part of the defendant he has suffered the loss of consortium and the services of his wife and has been, and in the future will be, forced to expend large sums of money in the treatment of her injuries.

Both plaintiffs demand judgment against the defendant.

The sole question presented on this motion for summary judgment for the defendant on *Count II* is whether in such action the husband may recover for the loss of services or consortium of the wife. As will be seen, the Virginia Court has had before it a case involving his right to recover for expenditures for her benefit.

The statute involved is Section 55–36, Code of Virginia, which since the Amendment of 1950, so far as here pertinent, provides:

"In an action by a married woman to recover for a personal injury inflicted on her she may recover the entire damage sustained including the personal injury and expenses arising out of the injury, whether chargeable to her or her husband, notwithstanding the husband may be entitled to the benefit of her services about domestic affairs and consortium, and any sum recovered therein shall be chargeable with expenses arising out of the injury, including hospital, medical and funeral ex-

penses, and any person, including the husband, partially or completely discharging such debts shall be reimbursed out of the sum recovered in the action, * * * ; and no action for such injury, expenses or loss of services or consortium shall be maintained by the husband."

While the precise question in so far as the right of the husband to recover for loss of services and consortium does not appear to have been decided by the Virginia Court, there are two cases which are closely in point.

In Floyd v. Miller, 190 Va., 303, 57 S.E.2d, 114, 116, Mr. Justice Miller had before him a case where the right of the husband to recover expenses was involved. In that case the wife had recovered for personal injuries resulting in an impaired mental condition. An item of damage alleged in that action was the expenditure of sums of money in an effort to be cured of injuries. The husband brought an action against the committee of the wife to be reimbursed for the sums spent by him on behalf of his wife. The majority opinion held that under the Virginia Statute in its then form the husband could not maintain the action. At that time the statute provided that in an action for personal injuries inflicted on her, the wife might "recover the entire damages sustained including the personal injuries, expenses arising out of the injury (whether chargeable to her or her husband) notwithstanding the husband may be entitled to the benefit of her services about domestic affairs and consortium; and no action for such injury, expenses, or loss of services or consortium, shall be maintained by the husband."

The able dissenting Judges in that case were of opinion that the amendment did not destroy the right of action on the part of the husband to recover and, if so construed, it would be in violation of the constitutional guaranty of due process.

In 1950 the statute was amended to specifically provide that there should be chargeable against any recovery expenses arising out of the injury, and any person, including the husband, shall be reimbursed for expenditures so made. The prohibition against maintenance of an action by the husband for the injury, expenses or loss of services or consortium was retained in the statute as amended.

In Ford Motor Company v. Mahone, 205 F.2d, 267, 271, the United States Court of Appeals, Fourth Circuit, considered a case in which the right of the wife to recover for the loss of consortium was directly in issue. The learned writer of the majority opinion, after reciting that the other members of that Court considered Floyd v. Miller, binding on it upon this point, expressed disagreement with their view. In passing he referred to the fact that the cause of action arose prior to the passage of the 1950 Amendment. However, after quoting the amendment he used the following language:

"It does not provide that the wife may recover damages on account of the husband's loss of consortium, but merely that she may recover the entire damage sustained, which is *defined* as 'including the personal injury and expenses arising out of the injury'; and it goes on to make clear that she may have this recovery 'notwithstanding the husband may be entitled to the benefit of her services about domestic affairs and consortium' ." (Emphasis supplied.)

In view of the dissenting opinions and the possible distinction between this case and Floyd v. Miller, the question will be considered further.

I am unable to agree that the language of the statute providing that the wife "may recover the entire damage sustained including the personal injury and expenses arising out of the injury" constitutes a definition of the phrase "the entire damage sustained including the personal injury and expenses arising out of the injury". As I read the statute the language is merely descriptive, but not in limitation of the right to "recover the entire damage sustained" there vested in the wife.

As stated, Floyd v. Miller involved the right of the husband only to recover sums spent by him in behalf of the wife and the right of the husband to maintain an action for loss of services and consortium was not directly involved as was the situation in Ford Motor Company v. Mahone. However, it is difficult to distinguish the cases or to reach a different conclusion from that in Floyd v. Miller. In this respect a brief reference to the history of the statute as pertaining to the intention of the Legislature is of interest.

In Richmond Railway and Electric Company v. Bowles, 92 Va. 738, 24 S.E., 388, the Court held that under the then existing statute the husband was entitled to the services of his wife and the wife was entitled to support at the hands of her husband. Therefore, in a suit for personal injuries the wife was denied recovery for loss of time or pecuniary expenses incurred as a result of the injuries.

In 1919, the Virginia Code was revised and in Section 5134 it was provided:

"In an action by a married woman to recover for a personal injury inflicted on her, she may recover the entire damage sustained, notwithstanding the husband may be entitled to the benefit of her services about domestic affairs; and no action for such services shall be maintained by the husband."

By that revision the right of the husband to recover for loss of domestic services of his wife was expressly taken from him and given to the wife. In addressing the Virginia Bar Association on May 16, 1919, 5 Va.Law Reg., N.S., pp. 108, 109, Judge Burks, who was one of the Code Revisors, pointed out the difficulty of severing damages in such cases in order to determine what part should be recovered by the wife and what part by the husband, and said "it was deemed best to give to her (the wife) the entire damages and take away the present right of the husband to bring a separate action for the loss of such services". As pointed out by the Court

in Floyd v. Miller, the amendment did not deprive the husband of the right to recover for medical expenses nor did it take from him and vest in the wife his right to recover for loss of consortium as distinguished from loss of domestic services. The Amendment of 1932 (Acts of Assembly 1932, Chapter 25, page 21) broadened the scope of the 1919 Revision to provide that the wife may recover the entire damages, including personal injury and expenses arising out of the injury and expressly deprives the husband of the right to maintain an action for such injury, expenses or loss of services or consortium.

Following Floyd v. Miller, the Virginia Legislature in 1950 amended the statute in its present form in order that a recovery by the wife should be charged with expenses whether paid by the husband or another person. This would appear to meet the objection of Justice Staples in his dissenting opinion regarding the right of due process since there has been reserved for the benefit of the husband the right of recovery by an effective procedure, of any sums necessarily expended by him for the benefit of his wife.

In Daniels v. Commonwealth, 172 Va. 583, 1 S.E.2d, 333, at page 338, the Court, speaking through Justice Holt, said that the amendment of 1919, was intended to change the law as announced in Richmond Railway and Electric Company v. Bowles, supra, and kindred cases.

For a clearer understanding of the underlying principles a brief consideration of the nature of the right involved may be helpful. As is well known, the term "consortium" refers to the right of a husband, which the common law recognized, to the duties and obligations of a wife growing out of the marital relationship. It includes the right to her society, companionship, affectionate services and other conjugal relations. It is the voluntary, highly personal, mutually affectionate sympathy and cooperation normally expected to exist between married couples. See 8A Words and Phrases, Consortium, p. 361 et seq. It was

never a right vested in the wife. Indeed, at common law and in the absence of statute, the husband ordinarily must join in the wife's action for injuries inflicted on her by a third person and the wife is not entitled to recover for loss of time relating to her domestic duties nor for impairment of her earning capacity. Since there was a duty upon the husband to provide for the welfare and support of the wife, it is he who was entitled to recover such damages along with compensation for loss of her services or earnings and for the loss of her society and consortium. With the advent of the Married Woman's Act, many modifications of the common law rule have become effective and in a number of other jurisdictions statutes upon the subject deprive the husband of his right to recover for loss of consortium and services or society. For a discussion of the subject and citation of cases see 41 C.J.S. Husband and Wife § 401, beginning on page 890.

In his dissenting opinion in Floyd v. Miller, Justice Staples noted that the purpose of the Act was to avoid a multiplicity of suits and to provide for a disposition of all issues arising out of the tort in one action.

When the nature of the rights of the husband is considered, the wisdom of the statute is readily apparent. If the desirable personal relationship exists between the parties to the marital contract, it is unimportant which recovers. In less fortunate relationships the loss of services and consortium would be of no ascertainable value. The rule applicable to such cases as actions for alienation of affections should not be confused with the rights here involved.

It would seem to be inescapable that the Legislature intended just what it said, that "no action for such injury, expenses, or loss of services or consortium, shall be maintained by the husband".

■ Finally, the constitutional guarantee of due process could have no more application to a right of action to recover for loss of service and consortium than would be the situation involving related common law relationships which have been drastically changed by statute, such as the former curtesy rights of the husband, to mention only one.

■ It is the conclusion of this Court that under the Virginia Statute the right to maintain an action for personal injuries inflicted upon a married woman is vested exclusively in the wife and that the right includes the right to recover the entire damages sustained, both to herself and those sustained by the husband and formerly recoverable only by him.

The motion for summary judgment filed by the defendant as to *Count II* will be granted.