## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Gutshall

v.

Cliff Weil

June 13, 1963

Case No. A-5587

By JUDGE ALEX H. SANDS, JR.

The demurrer now before the Court raises the single question, "does Va. Code sec. 55-36, which by its express terms divests the husband of the right to sue for loss of consortium resulting from injuries sustained by the wife, vest such right in the wife?"

This question has been fully explored and exhaustively discussed in three fairly current cases, Floyd v. Miller, 190 Va. 303 (1950); Ford Motor Co. v. Mahone, 205 F.2d 267 (4th Cir. 1953); Alsop v. Eastern Air Lines, 171 F. Supp. 180 (E.D.Va. 1959). See also Article in 46 Va. L. Rev. 188-192, each case reviewing and interpreting sec. 5134 (now Sec. 55-36) of the Code of 1919 and the 1932 amendment thereto and the departure effected by each legislative enactment from the common law rule.

At common law, upon injury of a wife through the tortious act of another three elements of damage accrued to the husband, (1) damages for loss of service, (2) damages resulting from pecuniary expenses incurred by him as the result of the injury to his wife, and (3) damages for loss of consortium. Richmond Ry. etc. Co. v. Bowles, 92 Va. 738 (1896); Atlantic etc. Ry. Co. v. Ironmonger, 95 Va. 625; Norfolk Ry. etc. v. Williar, 104 Va. 679 (1905); Floyd v. Mil-

ler, 190 Va. 303 (1950). By change in the Married Woman Act effected by the amendment thereto in sec. 5134 of the Code of 1919, the right to pursue element # 1 (services) was specifically taken from the husband and while the language of the statute did not expressly vest this right in the wife, the Virginia Supreme Court promptly held that such was the effect of the statute. Daniels v. Commonwealth, 172 Va. 583 (1939). See also Judge Burks's address before the Va. Bar Ass'n., 5 Va. Law Reg. (N.S.) p. 108.

By amendment to section 5134 adopted in 1932, rights of action for the remaining two elements of damage (expenses and loss of consortium) were expressly taken from the husband, but again the language of the statute did not expressly vest them in the wife. Here again, however, upon the first test, the Supreme Court held that the effect of the statutory language was to vest this right of action for pecuniary loss in the wife. Floyd v. Miller, 190 Va. 303 (1950).

This leaves only the third element of damage, i.e., loss of consortium, which has not been before the Virginia Supreme Court for decision. While not, however, directly in issue, the Court of Appeals in the Floyd case, in interpreting the language of sec. 5134 as applied to the element of expenses which was before the Court for decision, includes in its consideration loss of consortium and puts it upon the identical basis with the element of expenses and has this to say in reference to the application of sec. 5134 thereto (see 190 Va., at page 309):

> The language of the amendment made by the Acts of 1932, Ch. 25, p. 21, and now a part of sec. 5134, is equally as clear and even more positive in its terms that its purpose and intent are to deprive the husband of the right to recover the other two elements of damage incident to her injury, i.e., loss of consortium and all expenses chargeable to him which he had heretofore enjoyed, and vest these remaining two elements of damages in the injured wife. (Emphasis supplied).

A very exhaustive and scholarly opinion by Judge Hutcheson in the <u>Alsop Case</u>, <u>Alsop</u> v. <u>Eastern</u> <u>Air</u> <u>Lines</u>, 171 F. Supp. 180 (E.D.Va. 1959), arrives at the same conclusion.

Indeed any other interpretation of the statute would have the effect of doing away entirely with the element of damage based on loss of consortium. Had this been the legislative intent it is thought that it would have used some language indicative of the intent to abolish an element of damage which had been recognized for a long period of time.

Defendant relies primarily upon the logic of the reasoning of Judge Parker in his dissenting opinion in <u>Ford</u> <u>Motor</u> <u>Co.</u> v. <u>Mahone</u>, 205 F.2d 267. While the reasoning in this dissent is, as was true in the case of most of Judge Parker's opinion, logical and persuasive, yet it is unquestionably contrary to the interpretation which has been put upon the language of the statute by the Virginia Supreme Court of Appeals.

For the above reasons the demurrer will be overruled and counsel may present a sketch for order to this effect.