## CIRCUIT COURT OF STAFFORD COUNTY

Mary Washington Hospital, Inc.

v.

Lillie Mae Walker
and James T. Walker

Case No. (Law) 92000666

August 20, 1993

BY JUDGE JAMES W. HALEY, JR.

By agreement and request of the parties, with a stipulation of facts, and towards the end of terminating litigation between the parties, the court has consented to decide whether a judgment entered in favor of Mary Washington Hospital, Inc., against Lillie Mae Walker and James T. Walker, her husband, for four hospitalizations of Lillie Mae Walker, constitutes a lien amenable to execution upon the Walkers' primary residence owned by them as tenants by the entireties with survivorship, or whether such execution is barred by the provisions of Code § 55–37 dealing with the common law doctrine of necessaries.

As here relevant, Code § 55–37 states: "No lien arising out of a judgment under this section shall attach to the judgment debtors' principal residence held by them as tenants by the entireties."

It is clear that medical services provided by a hospital are necessaries. *Schilling v. Bedford Co. Hospital*, 225 Va. 539, 303 S.E.2d 905 (1983).[1]

The necessaries doctrine presumes the absence of an *express contract* by a spouse to pay for or guarantee payment for necessaries provided to the other spouse. The necessaries doctrine constitutes a societal judgment sounding in the common law that there is an *implied contract* on the part of each spouse to provide those goods and services

---

[1] There is no stipulation that the hospital services rendered to Mrs. Walker were for "emergency medical care," and accordingly, the provisions of Code § 8.01–220.2 are not here applicable.

deemed necessary for the other. *See Floyd v. Miller*, 190 Va. 303, 306, 57 S.E.2d 114, 115–116 (1950); 41 C.J.S., *Husband and Wife*, § 49, n. 55, p. 344; 41 A.L.R.2d, *Husband and Wife*, § 349, pp. 291–292.

Mrs. Walker was hospitalized four separate times. Prior to the first hospitalization, Mr. Walker signed the following express written contract:

> GUARANTY: We/I hereby unconditionally agree to pay for all services rendered and to be rendered to the below named patient . . . . The Guaranty of payment provided herein can be withdrawn or terminated only as to future hospitalization of the patient and only by mailing, by certified mail, a written notice to the hospital, which shall take effect upon receipt by the hospital.

Prior to the fourth hospitalization, Mr. Walker signed the following express written contract:

### GUARANTY

> I hereby unconditionally agree to pay for all services rendered and to be rendered to the patient by the Hospital and/or other health care provider. I agree that this guaranty of payment can be withdrawn or terminated (1) only as to future hospitalization of the patient; and (2) only by written notice, mailed by certified mail, return receipt requested to the Hospital and/or other health care provider . . . .

It is stipulated Mr. Walker never withdrew or terminated either guaranty in the manner prescribed.

Section 55–37 refers to the "lien arising . . . under . . ." the application of the necessaries doctrine. Here the hospital's claim does not arise under the necessaries doctrine. It arises under written contract. What the Walkers seek is for the court to graft the statutory necessaries exemption onto the provisions of an express written contract. This the court cannot do.

The Walkers further argue that the guaranties quoted above should apply only to the first and fourth hospitalization, not the second and third, when no guaranty was executed.

Where, as here, a court finds the terms of a contract clear and unambiguous, courts must construe the contract as written, and a court is "bound to say that the parties intended what the written instrument

plainly declared." *Magann Corp. v. Virginia-Carolina Elec. Works, Inc.*, 203 Va. 259, 264, 123 S.E.2d 377, 381 (1962), quoted with approval in *Christopher Assoc. v. Sessons*, 245 Va. 18, 22, 425 S.E.2d 795, 797 (1993).

The first guaranty recites that it can only be terminated "as to future hospitalization of the patient . . ." in the prescribed manner. "Words used by the parties are to be given their usual, ordinary and popular meaning . . . ." *Ames v. American Nat'l Bank of Portsmouth*, 163 Va. 1, 39, 176 S.E. 204, 217 (1934), quoted with approval in *Clevert v. Jeff W. Soden, Inc.*, 241 Va. 108, 110, 400 S.E.2d 181, 183 (1991). The quoted language of the guaranty can have no reasonable meaning but that the guaranty of payment includes (unless terminated) not only the immediate hospitalization of the patient but, once that hospitalization has ended, a future hospitalization of that patient. The guaranty executed by Mr. Walker prior to the fourth hospitalization is surplusage. Accordingly, the first guaranty is applicable to all four hospitalizations.

This court is not unmindful that contracts entered into prior to hospitalization approach as a limit being contracts of adhesion and, further, that the cost of hospitalization may overwhelm a patient's resources. Such circumstances plainly exist in the instant case.

The two statutes cited herein represent the views of the legislature in balancing the interests of those who provide and those who receive medical care. It is for the legislature, not the courts, to remedy any perceived inequities in that balance.